IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING, a sole proprietorship,

    Plaintiff,

vs.

SENTIENT, fka eBizJets, a Delaware corporation; JOHN I. WILLIAMS, JR.; PAUL A. SVENSEN, JR.; JOHN HENNESSY; ED JOHNSON; AND PAUL MODEL,
    Defendants.

Civil Action No. 03-12478EFH

## DEFENDANTS' PRE-CONFERENCE STATEMENT IN LIEU OF JOINT STATEMENT

The following pre-conference Statement is respectfully submitted by defendants Sentient, Edward Johnson, Paul Model, John Hennessy, and John Williams ("Defendants") pursuant to the Court's Order of December 16, 2003 (Doc # 26) and Local Rule 16.1.[1]

1. **NATURE OF THE CASE**

**Plaintiff's claims:** This action, which was originally brought in the District of Arizona, arises from the termination of Mr. Scollins' employment with Sentient Jet, Inc., which was formerly known as eBizJets. Mr. Scollins claims that Sentient breached a stock incentive agreement by terminating him without cause; that Sentient breached an

---

[1] Despite several attempts, Defendants have been unable to reach agreement with plaintiff on a joint statement. Defendants' counsel made repeated efforts to initiate and conduct discussions with plaintiff's counsel regarding this Court's Order, and the parties obligation to formulate a specific joint statement pursuant thereto. Recently, plaintiff's counsel committed to circulating a draft of such a joint statement, but as of 3:00 p.m. on January 21st (the due date for the statement), Defendants' counsel has received nothing from plaintiff's counsel. Nonetheless, much of the content herein was previously agreed upon by the parties in drafting a joint statement for a status conference that was scheduled by the District of Arizona, where the case was initially brought.

agreement to pay certain cost savings relating to the placement of advertising by Bottom Line Advertising, a sole proprietorship owned by Mr. Scollins; and that Sentient breached Mr. Scollins' employment contract by terminating him without applying progressive discipline. Mr. Scollins also claims that the Defendants committed fraud and misappropriation by making inconsistent statements about the nature of Mr. Scollins' termination. Finally, Mr. Scollins claims that the Defendants defamed him, and tortiously interfered with Mr. Scollins' relationships with other participants in the air charter industry by telling a third party that Mr. Scollins had been "fired."

**Defendants' Defenses**: Immediately after this case was filed in the District of Arizona, the Defendants moved to dismiss the entire action for lack of jurisdiction and lack of venue, claiming that virtually all of the events giving rise to plaintiff's claims took place in Massachusetts, not Arizona. On November 25, 2003, this action was Ordered to be transferred by agreement of the parties from the District of Arizona to the District of Massachusetts, rendering moot the Defendants' motions regarding venue and jurisdiction.

Additionally, Defendants have moved to dismiss the action in its entirety as against Johnson, Hennessy and Model, because the complaint fails to allege any basis for a claim against any of them. Defendants have also moved to dismiss four of the six counts for failure to state a claim. Specifically, the fraud and misrepresentation claims fail to state a claim because plaintiff has failed to plead fraud with particularity, because plaintiff has not adequately pleaded reliance on or damages incurred as a result of any purported misrepresentation, and because the purported misrepresentations as a matter of law are not actionable. The claim for defamation fails to state a claim, because the alleged statement is not defamatory, as a matter of law. The tortious interference claim,

which is based on the same alleged defamatory statement, fails because the statement itself is not defamatory, and because plaintiff has failed to allege any facts that could support imposing liability on Sentient for the purported defamatory statement of its former employee, Jack Lambert, who is not a defendant in this action.

Defendants' motion to dismiss for failure to state a claim is fully briefed, and is ripe for argument and determination.

With respect to the contract claims, Sentient's defense to the claim on the stock agreement is that Mr. Scollins was terminated for cause, and that therefore, under the plain terms of that agreement, Mr. Scollins had no right to exercise stock options after his termination. As to the advertising agreement claim, Sentient never made any contractually binding promise to Mr. Scollins to pay him anything in addition to his salary for placing advertising for Sentient. And finally, as to the progressive discipline claim, Sentient first denies that Mr. Scollins had any contractual right, as part of any employment agreement, to progressive discipline; and, second, denies that the nature of his termination would have violated any such right, even if it existed.

## 2. PENDING MOTIONS

As noted above, Defendants have moved to dismiss the entire action as against defendants Hennessy, Johnson, and Model because the Complaint fails to state any allegations that could support imposing liability against any of them. The issue to be decided by this aspect of Defendants' motion is whether claims may be sustained against these defendants without any factual allegations against them. Defendants have also moved to dismiss the fraud and misrepresentation claims, and the defamation and tortious interference claims, for failure to state claims on which relief may be granted.

Defendants' motion to dismiss for failure to state a claim is fully briefed, and is ripe for argument and determination. Defendants request that a hearing date be set for these motions.

3. **DISCOVERY PLAN:**

In drafting a Joint Statement for the District of Arizona, the parties previously agreed as follows, and the Defendants propose the following as their discovery plan in this case:

   a. **Extent, nature and location of discovery:**

Mr. Scollins and the records of Bottom Line Advertising are located in Arizona. The Defendants are located in Massachusetts. Depositions pursuant to Fed. R. Civ. P. 30 can be expected for Mr. Scollins and each of the individual Defendants, as well as other current and former employees of Sentient who were involved in the hiring, performance and termination of Mr. Scollins. Pursuant to proper requests, documents will be produced by Mr. Scollins and Bottom Line Advertising under Fed. R. Civ. P. 34, including documents relating to his hiring, his performance while working for Sentient, and the services provided by Bottom Line Advertising. Pursuant to proper requests, documents will be produced by Sentient and the individual Defendants under Fed. R. Civ. P. 34, including documents relating to the hiring, performance and termination of Mr. Scollins.

   b. **Suggested changes to discovery limitations:**

None.

   c. **Hours permitted for each deposition, absent stipulation:**

One day of seven hours, pursuant to Fed. R. Civ. P. 30(d)(2).

    **d.    Phased discovery**

Defendants are not in favor of phased discovery.

## 4. PROPOSED DATES

Previously, the plaintiff and Defendants agreed that it would be premature to engage in discovery before disposition of the pending motions to dismiss. Accordingly, it is requested that the following deadlines apply and start running on the determination of the pending motion to dismiss, in the event that motion is denied.

    a.    **Deadline for completion of fact discovery:** One (1) year.

    b.    **Disclosure of expert testimony:** Eleven (11) months.

    c.    **Completion of expert depositions:** Fourteen (14) months.

    d.    **Dispositive motions:** Seventeen (17) months.

    e.    **Good faith settlement talks:** One (1) month.

## 5. LOCAL RULE 16.1 CERTIFICATION

A Local Rule 16.1 Certification is attached hereto as Exhibit A.

## 6. PROPOSED AGENDA FOR RULE 16 CONFERENCE

The Defendants propose the following agenda for the Rule 16 Conference scheduled for January 28, 2004 at 2:00 p.m.:

    a. Summary of the nature of the case;

    b. Discussion of Pending Motions, and setting of date for oral argument thereof;

    c. Timing for Answer and Initial Disclosures; and

    d. Setting of deadlines for discovery and motions.

SENTIENT, fka eBizJets, a Delaware corporation; JOHN I. WILLIAMS, JR.; JOHN HENNESSY; ED JOHNSON; AND PAUL MODEL

By their attorneys,

_____
C. Max Perlman (BBO #630395)
A. Lauren Carpenter (BBO #551258)
SULLIVAN WEINSTEIN & McQUAY, PC
Two Park Plaza, Suite 610
Boston, Massachusetts 02116
(617) 348-4300

Dated: January 21, 2004

## CERTIFICATE OF SERVICE

I, C. Max Perlman, hereby certify that a copy of this document was served by fax and mail on Jerald C. Thompson, Esq., attorney for the plaintiff, on January 21, 2004.

_____
C. Max Perlman

Case 1:03-cv-12478-EFH    Document 27    Filed 01/21/2004    Page 7 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING, a sole proprietorship,

    Plaintiff,

vs.

SENTIENT, fka eBizJets, a Delaware corporation; JOHN I. WILLIAMS, JR.; PAUL A. SVENSEN, JR.; JOHN HENNESSY; ED JOHNSON; AND PAUL MODEL,
    Defendants.

Civil Action No. 03-12478EFH

## LOCAL RULE 16.1(D)(3) CERTIFICATION

The undersigned hereby depose and state as follows:

Michael Meyer, Vice President of Finance of Defendant Sentient, and C. Max Perlman, attorney for the Defendants Sentient, Edward Johnson, Paul Model, John Hennessy, and John Williams have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course -- and alternative courses -- of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4

Signed this 21 day of January, 2004 under the pains and penalties of perjury.

_____       _____
C. Max Perlman                                           Michael Meyer