MEYER
HENDRICKS
& BIVENS, PA
ATTORNEYS AT LAW

Phoenix Corp. Ctr.
3003 N. Central Ave.
Suite 1200
P.O. Box 2199
Phoenix, Arizona
85001-2199

Telephone
602-604-2200

Facsimile
602-263-5333

Paul L. Stoller, No. 016773
MEYER, HENDRICKS & BIVENS, P.A.
3003 North Central Avenue, Suite 1200
Phoenix, Arizona 85012-2915
(602) 604-2200

C. Max Perlman
A. Lauren Carpenter *(pro hac vice application pending)*
SULLIVAN, WEINSTEIN & McQUAY, P.C.
Two Park Plaza
Boston, Massachusetts 02116
(617) 348-4360

Attorneys for Defendants Sentient, fka eBizJets;
 John I. Williams, Jr.; John Hennessy; Ed Johnson;
 and Paul Model

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Scollins, individually and on behalf of Bottom Line Advertising, a sole proprietorship,<br><br>Plaintiff,<br><br>v.<br><br>Sentient, fka eBizJets, a Delaware corporation; John I. Williams, Jr.; Paul A. Svensen, Jr.; John Hennessy; Ed Johnson; and Paul Model,<br><br>Defendants. | NO. 03-CV-0514-PHX-JAT<br><br>**MOTION TO DISMISS**<br><br>**(Oral Argument Requested)** |

Pursuant to Fed. R. Civ. P. 12(b)(2) and (3), defendants Sentient Jet, Inc., f/k/a eBizJets ("Sentient"), John I. Williams, Jr., John Hennessy, Ed Johnson, and Paul Model (collectively sometimes "defendants") move to dismiss this action for lack of venue and lack of jurisdiction. Defendants also move pursuant to Rules 9(b) and 12(b)(6) to dismiss Counts Three through Six for failure to state a claim on which relief may be granted.[1]

---

[1] This Court may dismiss plaintiff's claims under Rules 9(b) and 12(b)(6) even though personal jurisdiction is lacking. *See Wages v. I.R.S.*, 915 F.2d 1230, 1234-35 (9th Cir. 1990) (court can rule on Rule 12(b)(6) motion in absence of personal jurisdiction over defendant).

# MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND[2]

This diversity action arises from the termination of plaintiff's employment with defendant Sentient. Although plaintiff's claims are based on events that occurred exclusively in Massachusetts, and although this action has no connection with Arizona other than the fact that plaintiff moved to Arizona <u>after</u> his termination, plaintiff has taken care to avoid pleading any of the facts that establish this action's close relationship with Massachusetts. In fact, however, defendants' own submissions show that: (1) plaintiff's employment relationship was centered in Massachusetts; (2) all of the acts on which plaintiff sues occurred in Massachusetts, the state where Sentient is headquartered; (3) plaintiff was employed by Sentient and worked at its offices in Massachusetts; and (4) plaintiff resided in Massachusetts at all times relevant to this action.

Plaintiff was terminated at a meeting at Sentient's offices in Massachusetts. *Id.* ¶13; Williams Decl. ¶6. Plaintiff claims that, although John Williams "accused" him of violating Sentient's policies, Williams told him that he was being terminated "without cause." Complaint ("Compl.") ¶13. Plaintiff alleges that some two months later, after investigations, Sentient's Board of Directors held a meeting to discuss plaintiff's termination, and that Williams told plaintiff that his termination "had been changed from 'without cause' to 'with cause.'" *Id.* ¶16.

Plaintiff asserts that the termination breached certain written and "implied" contracts relating to his employment. *See* Counts One and Two. He also claims that Sentient committed "fraud" and "negligent misrepresentation" because it allegedly changed its position on whether his termination was "for cause" or "without cause."

---

[2] This motion is based on the allegations in plaintiff's Complaint and on the Declarations of Robert Herlihy ("Herlihy Decl.") and John Williams ("Williams Decl.") and their respective attachments, which defendants attach at Tabs 1 and 2, respectively, in support of their motion under Rules 12(b)(2) and (3). Defendants rely on plaintiff's allegations only for purposes of this motion, and reserve the right to challenge them as appropriate.

2

*See* Counts Three and Four. Finally, plaintiff alleges that a Sentient employee told one of Sentient's third-party air carriers that plaintiff had been "fired," Compl. ¶15, which plaintiff claims defamed him and interfered in some unspecified way with unspecified "business relationships" he claims to have had with "participants" in the air charter business. *See* Counts Five and Six.

The action should be dismissed for several reasons. First, venue is plainly improper in this judicial district. Second, none of the defendants have sufficient contacts with Arizona to support this Court's exercise of personal jurisdiction over them. Third, the Complaint makes no factual allegations against four of the individual defendants, and thus fails to state any basis for recovery against them. And finally, plaintiff's claims for fraud, negligent misrepresentation, defamation, and intentional interference are substantively deficient and should be dismissed for failure to state a claim.

## DISCUSSION

I. **THIS ACTION SHOULD BE DISMISSED IN ITS ENTIRETY BECAUSE VENUE IS IMPROPER IN THIS DISTRICT.**

Although plaintiff alleges that venue of this diversity action is proper under §1391(a) and (c), *see* Compl. ¶5, the pertinent facts and the plain language of these provisions establish that this action cannot be brought in Arizona. Under 28 U.S.C. §1391(a), a diversity action may be brought

> "only in
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
> (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

(Emphasis added.)

Section 1391(a)(1) does not permit plaintiff to sue in Arizona because plaintiff's own allegations establish that all the defendants do not reside in the same

3

state. *See* Compl. ¶3 (alleging that three of the individual defendants reside in Massachusetts, and that two of the individual defendants reside in New York). Compl. ¶3. Subsection (a)(1) is inapplicable for the further reason that none of the defendants resides in Arizona.[3]

Similarly, §1391(a)(2) does not allow plaintiff to sue in Arizona because no substantial part (indeed, none) of the events giving rise to plaintiff's claim occurred in Arizona. Although the Complaint fails to state where any of the operative events occurred, defendants' submissions establish that those events occurred exclusively in Massachusetts. Plaintiff's employment was located in Massachusetts, he resided in Massachusetts, and the decisions and communications relating to his termination were made in Massachusetts. Williams Decl. ¶¶2, 3, 5-9; Herlihy Decl. ¶¶12, 13. The purportedly defamatory statement by a Sentient employee occurred in Massachusetts. Williams Decl. ¶10; Herlihy Decl. ¶¶25, 26. Because none of the operative events in this action occurred in Arizona, Arizona is not a judicial district in which any "substantial part of the events or omissions giving rise to the claim occurred." Arizona is therefore not a proper venue for this action under §1391(a)(2).

Finally, plaintiff cannot rely on §1391(a)(3) to lay venue in Arizona, as that subsection authorizes venue in a district where any defendant is subject to personal jurisdiction only "if there is no district in which the action may otherwise be brought." *Id.* (emphasis added). *See* C. Wright, A. Miller, and E. Cooper, Federal Practice & Procedure ("Federal Practice") §3802.1 (28 U.S.C. §1391(a)(3) "is a fallback provision" that "can be used only if there is no district in which venue can be laid under (a)(1) or (a)(2)") (footnote omitted, emphasis added.) Because the events of this action occurred substantially in Massachusetts, Massachusetts is a proper venue for this action, and the fallback provision of §1391(a)(3) is therefore not applicable. *See*,

---

[3] Plaintiff does not allege that Sentient resides in Arizona, and, as discussed at Section II below, Sentient cannot be deemed a resident of Arizona under §1391(c) because there is no basis for Arizona to exercise personal jurisdiction over Sentient.

4

1  *e.g., Cummings v. Western Trial Lawyers Ass'n*, 133 F. Supp. 2d 1144, 1150 (D. Ariz.
2  2001) (venue proper under §1391(a)(2) on wrongful termination claim in district
3  where defendant employer had its offices and where employee performed her
4  employment duties). And even assuming that venue were not proper in Massachusetts
5  under §1391(a)(2), plaintiff still could not rely on §1391(a)(3) to place venue in
6  Arizona because, as discussed below at Section II, none of the defendants is subject to
7  personal jurisdiction in Arizona.

8  In short, the plain language of §1391, as well as the obvious and indisputable
9  fact that plaintiff's employment relationship with Sentient was centered exclusively in
10 Massachusetts, establish that venue cannot properly be laid in this district. Because
11 the basic jurisdictional facts of this case and the plain language of the venue statute
12 preclude any reasonable belief that this action could be maintained in this forum, this
13 action should be dismissed for lack of venue. 28 U.S.C. §1406(a); Federal Practice
14 §3827; *King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (district court properly
15 dismissed, rather than transferred, action, where venue was obviously improper;
16 "justice would not have been served by transferring plaintiff's claims back to a
17 jurisdiction that he purposefully sought to avoid through blatant forum shopping").[4]

## II. THIS ACTION SHOULD BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANTS.

20 Although plaintiff bears the burden of establishing that this Court has personal
21 jurisdiction over the defendants, plaintiff has failed to plead any facts suggesting a
22 basis for this Court to exercise personal jurisdiction over the defendants. *Fields v.*
23 *Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir. 1986). Defendants'

---

[4] Even if venue were proper in this district, which it is not, transfer to Massachusetts would be warranted and advisable under 28 U.S.C. §1404 as all the operative events giving rise to plaintiff's claims occurred in Massachusetts, all of defendants' records and witnesses are in Massachusetts, and, as set forth in note 8 below, Massachusetts law governs the claims. Herlihy Decl. ¶¶10, 12, 13, 24; Williams Decl. ¶¶2, 3, 5-10. *See, e.g., Biswas v. HR Value Group, LLC*, No. C02-03469CRB (N.D. Cal. Oct. 4, 2002) (2002 WL 31261160 at *3-4) (transfer of California resident's wrongful termination suit to Wisconsin employer's home was warranted where majority of witnesses and evidence were in Wisconsin, plaintiff had not resided in California during period of employment, and it was unclear whether California court had personal jurisdiction over employer).

submissions establish that none of the defendants have sufficient contacts with Arizona to be subject to the personal jurisdiction of this Court.

Under Arizona's long-arm statute, this Court may exercise personal jurisdiction to the extent permitted by the Due Process Clause of the United States Constitution. Ariz. R. Civ. P. 4.2(a); *Doe v. Am. Nat'l Red Cross*, 112 F.3d 1048, 1050 (9th Cir. 1997). The Due Process Clause requires that nonresident defendants have certain minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "In determining whether a defendant had minimum contacts with the forum state such that the exercise of jurisdiction over the defendant would not offend the due process clause, courts focus on 'the relationship among the defendant, the forum, and the litigation.'" *Brink v. First Credit Res.*, 57 F. Supp. 2d 848, 860 (D. Ariz. 1999), *citing Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). "The nature of the defendant's contacts with the forum state will determine whether the court exercises <u>general</u> or <u>specific</u> jurisdiction over the defendant." *Travelers Cas. & Sur. Co. v. Telstar Constr. Co., Inc.*, __ F. Supp. 2d __ (D. Ariz. 2003) (2003 WL 1222217 at *11) (emphasis added). Here, defendants are not subject to either general or specific jurisdiction in Arizona.

A court may exercise general jurisdiction over a defendant only if the defendant's contacts are so "substantial" or continuous and systematic that they approximate the defendant's physical presence in the forum. *Id.* As the Arizona Supreme Court recognized, "[t]he level of contact required to show general jurisdiction is quite high," and requires a showing that the defendant's activities in the forum state are "pervasive." *Williams v. Lakeview Co.*, 199 Ariz. 1, 13 P.3d 280, 282 (2000). *See also Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 243 F. Supp. 2d 1073, 1083 (C.D. Cal. 2003). Where general jurisdiction exists over a defendant, the court may exercise jurisdiction for any purpose, regardless of whether the claim

6

arises from or is related to the defendant's contacts in the forum. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000).

Specific jurisdiction, in contrast, allows the court to exercise jurisdiction only over claims that arise out of the defendant's contacts with the forum. Specific jurisdiction exists only if all three of the following factors are met: "(1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Bancroft*, 223 F.3d at 1086; *see also Williams*, 13 P.3d at 282.

### A. The Court Lacks Personal Jurisdiction Over the Individual Defendants.

None of the defendants have sufficient contacts with Arizona for this Court to exercise jurisdiction over them in this action, whether general or specific. As to the individual defendants, the only jurisdictional facts that plaintiff alleges is that they are all residents of either Massachusetts or New York. Compl. ¶3. Nowhere in the Complaint is there any allegation that any of these individual defendants have any presence in Arizona or that they ever engaged in any sort of Arizona-related activity. Accordingly, the claims against them should be dismissed against them for lack of jurisdiction.

### B. The Court Lacks Personal Jurisdiction Over Sentient.

Similarly, there is no basis for asserting either general or specific jurisdiction over Sentient. The only contact plaintiff suggests between Sentient and Arizona is plaintiff's allegation, made "upon information and belief," that Sentient is "qualified" to transact business in Arizona. Compl. ¶2. This allegation is demonstrably false, as the fact that Sentient has no license to do business in Arizona is readily ascertainable for free from Arizona's state agencies. *See, e.g.*, Arizona Corporation Commission website at "www.cc.state.az.us"; Arizona Secretary of State website (trade name

1  registrations) at "www.sosaz.com"; *see also* Herlihy Decl. ¶16. But even if Sentient
2  were actually licensed to do business in Arizona, such fact would not support the
3  exercise of general jurisdiction over it. *See Travelers Casualty, supra*, 2003 WL
4  1222217 at *15 (New Mexico corporation had insufficient contacts with Arizona to
5  support general jurisdiction where it maintained commercial general contractor's
6  license in Arizona and was authorized to do business in Arizona but performed only
7  occasional work in Arizona).

8        Under the case law of Arizona and this Circuit, it is clear that the mere fact that
9  a defendant does business or has contracts or other relationships with residents of the
10 state does not indicate a physical presence in the state sufficient to support the exercise
11 of general jurisdiction. In *Williams v. Lakeview Co.*, 298 Ariz. 468, 990 P.2d 669 673
12 (1999), *vac'd in part on other grounds*, 199 Ariz. 1, 13 P.3d 280 (2000), for example,
13 the Court of Appeals of Arizona held that a casino located in Nevada did not have
14 sufficiently pervasive contacts with Arizona to allow the exercise of general
15 jurisdiction over it where, like Sentient, the casino did not have any agents, offices,
16 property, or other physical presence within Arizona, and did not regularly conduct
17 business in Arizona. The court found the casino's contacts with Arizona to be
18 insufficient for general jurisdiction even though a substantial number of its customers
19 were Arizona residents, and even though the casino regularly advertised for customers
20 in a local Arizona newspaper, employed 17 Arizona residents at its Nevada casino, and
21 actively solicited Arizona tour bus companies to bring Arizona customers its casino.
22 990 P.2d at 672-73. The court held that these contacts were "not sufficiently
23 'substantial' or 'continuous and systematic' to confer general jurisdiction" over the
24 casino. *Id.* at 673. *See also Bancroft*, 223 F.3d at 1086 ("engaging in commerce with
25 residents of the forum state is not in and of itself the kind of activity that approximates
26 physical presence"); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 418
27 (1984) (Texas lacked general jurisdiction over company that had done substantial
28 amounts of business with Texas residents); *Grokster*, 243 F. Supp. 2d at 1084 (no

general jurisdiction over company that engaged in "<u>continuous stream of commercial contact</u> with the forum state," including by maintenance of internet web site) (emphasis added).[5]

Defendants' submissions establish that Sentient does not have a "pervasive" presence in Arizona that could justify deeming it to be physically present in the state for purposes of general jurisdiction. Sentient has never had a place of business in Arizona or even an Arizona mailing address; it has never owned any real or personal property in Arizona; it has never leased any property in Arizona; it has no mailing address in Arizona; it has no bank account in Arizona; it has never had any employees or agents in Arizona; it maintains no business agent in Arizona; it has no agent for service of process in Arizona; it does not pay taxes in Arizona; it is not registered to do business in Arizona; and it has no licenses in Arizona. Herlihy Decl. ¶¶14-20; Williams Decl. ¶4.

Indeed, Sentient's only connection with Arizona is the fact that some of its air-charter clients and some of the third-party air carriers with whom it deals are located in Arizona. Sentient, however, does not enter Arizona to provide air charter services. Instead, it arranges the provision of air charter services to clients through third party carriers, and does so from its headquarters in Massachusetts. Herlihy Decl. ¶¶17-20. Sentient advertises primarily through its internet web site and through national publications. *Id.* ¶19. Its web site is primarily an advertising site, and no flights are booked through the web site itself. *Id.* Instead, Sentient's clients contact Sentient in

---

[5] *See also Westphall v. Mace*, 671 F. Supp. 665, 667 (D. Ariz. 1987) (no general jurisdiction over defendant who advertised in Arizona, sponsored travel packages through Arizona travel agents, and published a toll-free phone number in Arizona phone directories); *Rollin v. William V. Frankel & Co., Inc.*, 196 Ariz. 350, 996 P.2d 1254, 1257 (2000) (insufficient contacts for general jurisdiction even though defendants had $14 million of trades with broker dealers in Arizona annually, where defendants had no physical presence in Arizona); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1125 (9th Cir. 2002) ("engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders" for purposes of general jurisdiction); *Katerndahl v. Brindenberg Sec., A/S*, No. C-96-2314 MHP (N.D. Cal. Dec. 9, 1996) (1996 WL 743800 at *3) (no general jurisdiction where non-resident defendant had clients in California, advertised in California, and made calls and engaged in contract negotiations in California).

9

Massachusetts, primarily by telephone, to request air charter services. *Id.* ¶20. Sentient's employees in Massachusetts then contact the third-party air carriers to arrange the flights. *Id.* And although Sentient has clients in Arizona, it does not focus on Arizona as the principal source of business. To the contrary, only some 1.5% of Sentient's total clients are in Arizona, and only 8 of the more than 3000 air carriers in Sentient's database are based in Arizona. *Id.* ¶¶21-23.

In short, the relevant authorities unequivocally establish that, where Sentient maintains no offices, agents, or employees in Arizona, the fact that Sentient arranges to provide air charter services to clients in Arizona through third parties cannot justify the exercise of general jurisdiction over it. To find otherwise would require doing away with long-established principles of personal jurisdiction under the Due Process Clause, and that is simply not the law.

Nor is there any basis for the Court to assert specific jurisdiction over Sentient in this action. As noted above, for specific jurisdiction to exist the plaintiff's cause of action must <u>arise from or be related to the defendant's contacts</u> in the forum. Plaintiff's disputes with the defendants in this action have no relationship with any contact that Sentient may have had with Arizona. Instead, plaintiff's claims arise solely from employment-related activities conducted at Sentient's headquarters in Massachusetts, where plaintiff's employment relationship with Sentient was based and where plaintiff was a resident. *See* Section I above. The fact that the plaintiff moved to Arizona from Massachusetts <u>after</u> all the matters had occurred that give rise to his claims has no relevance to the court's jurisdiction.

Because there is no basis for this Court to exercise either general or specific jurisdiction over any of the defendants, the action should be dismissed.

### III. DEFENDANTS JOHNSON, HENNESSY, AND MODEL SHOULD BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO ALLEGE ANY BASIS FOR IMPOSING LIABILITY ON THEM.

Although plaintiff purports to bring several of the claims in the Complaint against one or more of the five named individual defendants (*see* Counts Three

through Six), it makes no factual allegations against four of them that could support liability under any theory. Namely, the <u>only</u> allegations against Mr. Johnson, Mr. Hennessy, and Mr. Model are the allegations that Mr. Johnson is a Massachusetts resident and that Mr. Hennessy and Mr. Model are New York residents. Compl. ¶3.[6] Because these allegations provide no basis to impose liability against them on any theory, Mr. Johnson, Mr. Hennessy, and Mr. Model should be dismissed from the action.

## IV. PLAINTIFF'S CLAIMS OF FRAUD AND MISREPRESENTATION SHOULD BE DISMISSED.

### A. The Fraud and Misrepresentation Claims Should Be Dismissed Under Rule 9(b) Because Plaintiff Has Failed To Plead Fraud With Particularity.

Counts Three and Four allege, respectively, claims of fraud and negligent misrepresentation claims against all the defendants.[7] Fed. R. Civ. P. 9(b) requires that all such claims be pleaded with particularity. *See, e.g., Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1986); *Southwest Pet Prods., Inc. v. Koch Indus., Inc.*, 89 F. Supp. 2d 1115, 1130 (D. Ariz. 2000), *aff'd in pt, rev'd in pt on other grounds*, 32 Fed. Appx. 213 (9th Cir. 2002) (2002 WL 460280) (dismissing fraud and negligent misrepresentation claims under Rule 9(b) for failure to plead with specificity). To comply with Rule 9(b) the plaintiff must not only state the time, place, and specific content of the allegedly false representation, but must also specifically allege the involvement of <u>each defendant</u> in the alleged misrepresentation, and explain <u>why</u> the statement was false. *Miscellaneous Service Workers, Drivers & Helpers v. Philco-*

---

[6] Although the undersigned counsel do not represent defendant Paul Svensen, they note that the Complaint is similarly lacking in factual allegations against Mr. Svensen.

[7] Massachusetts law applies to all of plaintiff's claims because, as discussed above, plaintiff's employment relationship with Sentient was located exclusively in Massachusetts, and the actions that are asserted as the basis for his claims similarly occurred exclusively in Massachusetts, while plaintiff was a resident of Massachusetts. *See, e.g., Bushkin Assocs., Inc. v. Raytheon Co.*, 393 Mass. 622, 473 N.E.2d 662, 668 (1985) (Massachusetts applies a functional approach to choice of law for tort claims). For purposes of this motion to dismiss, however, the Court need not perform the choice-of-law analysis, as the claims in Counts Three through Six are facially insufficient regardless of which jurisdiction's law is applied.

11

*Ford Corp.*, 661 F.2d 776, 782 (9th Cir. 1981); *Southwest Pet Products*, 889 F. Supp. 2d at 1130; *Williamson v. Allstate Ins. Co.*, 204 F.R.D. 641, 644 (D. Ariz. 2001). Plaintiff's allegations fail to meet this standard in a number of ways.

First, the fraud and misrepresentation claims against Johnson, Hennessy, and Model should be dismissed under Rule 9(b) because the Complaint contains no allegation that any of the "defendants" other than Williams made any of the alleged statements. *See* Compl. ¶¶13, 14, 33, 35-38, 41, 43, 45. Plaintiff's allegation of the undifferentiated involvement of various "defendants" in the purported misrepresentations runs directly afoul of Rule 9(b).

Plaintiff also has failed to allege with specificity, as he must, facts indicating <u>why</u> he claims to believe that the supposed misrepresentations were false. Indeed, although plaintiff appears to rely on alleged statements that are directly at odds with each other -- i.e., (1) that he was terminated <u>without</u> cause, and (2) that he was terminated <u>for</u> cause, Compl. ¶¶14, 16, 17, 33, 35 -- he does even not make clear which of the statements he purports to believe was false, or why.

Additionally, plaintiff has failed to allege any facts, much less specific facts, that could support an inference that defendants made any statements that were knowingly false when made, even assuming that plaintiff were actually alleging that Williams misrepresented Sentient's intention as to the legal position it would ultimately take on his termination. *See Piantes v. Pepperidge Farm, Inc.*, 875 F. Supp. 929, 933 (D. Mass. 1995) (where plaintiff alleges promissory fraud, plaintiff must establish that defendant intended to breach the promise at the time it was made). Nothing in plaintiff's allegations suggests that Williams knew or intended that Sentient would take a different position in the future as to whether there was cause for plaintiff's termination. To the contrary, plaintiff's allegations suggest at most that Sentient changed its mind at some time after terminating him. Thus, plaintiff alleges that Sentient's Board of Directors changed its position on the legal nature of his termination at a meeting nearly two months after his termination, during which time it

12

had undertaken investigations that caused Sentient to "reverse[ ] itself," as plaintiff alleges. Compl. ¶¶17, 35. Particularly where, as plaintiff acknowledges, see Compl. ¶9, it was Sentient's Board of Directors who must determine the existence of "cause" for plaintiff's termination under the stock option agreement, the mere allegation that the Board, after investigation, came to a different conclusion than Williams cannot be deemed to suggest that Williams made a knowingly false statement two months earlier.

In short, because plaintiff's allegations of fraud and misrepresentation fall far short of the specificity required by Rule 9(b), Counts Three and Four should be dismissed.

**B.  The Fraud and Misrepresentation Claims Should Be Dismissed Because Plaintiff Has Failed to Sufficiently Plead Reliance or Damages and Because the Alleged Misrepresentations Are Otherwise Not Actionable.**

The allegations of fraud and misrepresentation are substantively deficient as well. To assert a fraud claim under Massachusetts law, the plaintiff must establish that he <u>reasonably relied</u> to his <u>detriment</u> on a knowingly false statement of material <u>fact</u> made by the defendant <u>for the purpose of inducing him</u> to act. *Davis v. Dawson, Inc.*, 15 F. Supp. 2d 64, 136-37 (D. Mass. 1998); *Danca v. Taunton Sav. Bank*, 385 Mass. 1, 8, 429 N.E.2d 1129, 1133 (1982). Plaintiff's Complaint fails to meet these requirements.

First, the alleged misrepresentations as to whether there was "cause" for plaintiff's termination (or even as to the legal position Sentient intended to take) are not the sort of statements that can give rise to liability. It is well and widely established that fraud claims must be based on an alleged misrepresentation of an existing <u>fact</u>. *See Pepsi-Cola Metro. Bottling Co., Inc. v. Pleasure Island, Inc.*, 345 F.2d 617, 622 (1st Cir. 1965) ("'false statements of opinion … are not actionable'"), quoting *Yerid v. Mason*, 341 Mass. 527, 170 N.E.2d 718 (1960); *Benham v. Lenox Sav. Bank*, 26 F. Supp. 2d 231, 236 (D. Mass. 1998). Accordingly, where the alleged

statements as to whether plaintiff was being terminated with or without "cause" go to the company's opinion as to the existence of "cause" for plaintiff's termination, the statements are not of existing "fact" and cannot support liability.

Equally fatal to plaintiff's claims, plaintiff has failed to allege, even in a conclusory fashion, that the alleged misrepresentations were made with the intent to deceive him or to induce him to act.

Additionally, although plaintiff makes a bald assertion of "reliance," he does not allege any facts to substantiate this conclusory statement, which similarly renders his claims deficient. *See Associated Gen. Contractors of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) ("[c]onclusory allegations are insufficient to preclude dismissal"); *Fleming v. Lind-Waldock & Co.*, 922 F.2d 20, 23 (1st Cir. 1990) (each general allegation must be supported by a specific factual basis, and pleadings are not sufficient where they rest on unsubstantiated allegations). In fact, plaintiff's specific factual allegations contradict his conclusory assertion of "reliance" because those factual allegations show that the harm plaintiff claims to have incurred from the alleged fraud stems solely from the fact of his termination and its for-cause status, not from reliance on any alleged misrepresentation. This is evident in the fact that plaintiff seeks exactly the same elements of damages, verbatim, on his fraud claims as he does on his contract claims.[8] *See* Compl. ¶25(a) to (e), ¶39(a) to (e), ¶46(a) to (e).

---

[8] Plaintiff purports to seek punitive damages on all counts except his breach of contract claim in Count One. All of plaintiff's claims for punitive damages must be dismissed because punitive damages are not available under Massachusetts law on any of the claims he has asserted. Punitive damages may not be recovered under Massachusetts law on any claim unless a statute authorizes their recovery. *See Goodrow v. Lane Bryant, Inc.*, 432 Mass. 165, 732 N.E.2d 289 (2000). There is no Massachusetts statute authorizing an award of punitive damages on any of the claims plaintiff has asserted. *See, e.g., Stone v. Essex County Newspapers, Inc.*, 367 Mass. 849, 860-61, 330 N.E.2d 161, 169 (1975) (rejecting punitive damages in defamation case); *Computer Systems Engineering, Inc. v. Qantel Corp.*, 740 F.2d 59, 70 (1st Cir. 1984) (punitive damages not available for common-law fraud); *DeRose v. Putnam Mgmt. Co., Inc.*, 398 Mass. 205, 496 N.E.2d 428, 432 (1986) (no punitive damages available on contract claim for wrongful termination); "[i]n this Commonwealth there is no such thing known to the common law as the recovery of punitive damages in addition to compensatory damages").

14

In short, because plaintiff has failed to allege facts to support the most basic elements of claims for fraud or misrepresentation, those claims should be dismissed.

## V. PLAINTIFF'S DEFAMATION CLAIM SHOULD BE DISMISSED BECAUSE THERE IS NO VIABLE CLAIM THAT PLAINTIFF WAS DEFAMED AND NO ALLEGATIONS THAT DEFENDANTS WERE RESPONSIBLE FOR ANY SUCH DEFAMATION.

### A. Plaintiff Has Failed to Adequately Plead the Elements of Defamation.

Count Six alleges that Sentient employee Jack Lambert "published certain statements to the effect that Scollins had been 'fired' or terminated for cause." Compl. 55. This allegation on its face fails to state a claim for defamation. Under Massachusetts law, a defamation claim must be based on the publication of a false statement about the plaintiff that in the mind of any considerable and respectable class of the community could tend to injure his reputation and expose him to hatred, ridicule and contempt. *Rawson v. Arlington Advocate, Inc.*, 336 Mass. 31, 33-34, 142 N.E.2d 395, 397 (1957). The court must determine as a matter of law whether a statement is reasonably susceptible of a defamatory meaning. *Foley v. Lowell Sun Pub. Co.*, 404 Mass. 9, 11, 533 N.E.2d 196-97 (1989). The basic test is whether the statement "discredits the plaintiff in the minds of any considerable and respectable class of the community." *King v. Globe Newspapers Co.*, 400 Mass. 705, 718, 512 N.E.2d 241, 249 (1987).

Courts have recognized that vague statements about the circumstances of an employee's firing or termination cannot support a defamation claim. *See, e.g., Einhorn v. LaChance*, 823 S.W.2d 405, 411 (Tex. App. 1992) (statement that employee was fired for reasons relating "solely to work performance" was not defamatory because it was "nonspecific"); *Nault v. United Parcel Servs., Inc.*, No. 981542 (Mass. Super. Ct. Feb. 27, 2001) (2001 WL 417249 at 5-6) (rejecting defamation claim based on allegations that employer publicly asked her to report to the company's Loss Prevention Office and subsequently published a list of employees that had been fired, including the plaintiff). Because statements that plaintiff was "fired"

15

or terminated for "cause" are simply too vague, non-specific, and lacking in content to convey a defamatory message, they cannot form the basis of a viable claim for defamation.

Additionally, truth is an absolute defense to a defamation claim. *See, e.g., Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 952 F. Supp. 884, 889 (D. Mass. 1997), *aff'd*, 142 F.3d 26 (1st Cir. 1998). Here, plaintiff has failed to allege facts suggesting that the purported statement that he had been "fired" was false. To the contrary, where plaintiff has alleged that he was "terminated" by Sentient, he has admitted that he was in fact "fired." *See, e.g.*, Compl. ¶¶21, 23. Nor, indeed, has plaintiff even alleged that Sentient lacked grounds to terminate him "for cause," such that any such statement could be deemed untrue. (Plaintiff claims only that he "explained" the accusations that Mr. Williams made as to his "violations of company policies." Compl. ¶13.) Because plaintiff has failed to allege any facts suggesting that the alleged statements were false, his defamation claim fails as a matter of law. *See, e.g., Mayer v. Morgan Stanley & Co., Inc.*, 703 F. Supp. 249, 254 (S.D.N.Y. 1988) (entering judgment on pleadings dismissing defamation claim against employer based on statements that employee had been "fired," when employee had in fact been terminated).

Finally, to state a claim for defamation under Massachusetts law, plaintiff must plead economic loss as a result of the alleged defamation, and must plead such loss with specificity. *See Lynch v. Lyons*, 303 Mass. 116, 118-19, 20 N.E.2d 953, 955 (1939); *Lewis v. Vallis*, 356 Mass. 662, 665, 255 N.E.2d 337, 339 (1970). Because plaintiff has failed to plead any such losses, his defamation claim is deficient for this reason as well, and should therefore be dismissed.

**B. Plaintiff Has Failed to Plead Facts that Could Support Imposing Liability on Mr. Johnson or Sentient for Mr. Lambert's Alleged Statement.**

Even assuming that plaintiff had stated a claim for defamation, the claim should be dismissed because he has failed to allege any facts on which Sentient or Ed Johnson

16

1  (the defendants at whom the claim is directed) could be held liable for the statement,
2  which was allegedly made by Jack Lambert. As noted in Section III above, the
3  Complaint's only mention of Ed Johnson (other than his inclusion in the title to the
4  defamation claim in Count Six) is that he is a resident of Massachusetts. Compl. ¶3.
5  Mr. Johnson cannot be held liable for Mr. Lambert's statement merely because he is a
6  resident of Massachusetts.

7      Nor is there any basis for imposing liability on Sentient for Mr. Lambert's
8  alleged statement. The only connection plaintiff alleges between Sentient and Mr.
9  Lambert is that Mr. Lambert was an employee of Sentient at the time he allegedly told
10 one of Sentient's third-party carriers that plaintiff had been "'fired' or terminated
11 without cause." Compl. ¶¶15, 55. To hold an employer vicariously liable for an
12 employee's torts, including defamation, the plaintiff must establish that the tort was
13 committed by the employee within the scope of the employment relation. *Kelly v.*
14 *Middlesex Corp.*, 35 Mass. App. Ct. 30, 32, 616 N.E.2d 473, 474 (1993), *rev. denied*,
15 416 Mass. 1104 (1993). An employee's conduct is within the scope of his employment
16 for purposes of tort liability under Massachusetts law only if it is "of the kind he is
17 employed to perform," if it "occurs substantially within the authorized time and space
18 limits," and if it "is motivated, at least in part, by a purpose to serve the employer."
19 *Wang Laboratories, Inc. v. Business Incentives, Inc.*, 398 Mass. 854, 501 N.E.2d 1163,
20 1166 (1986); *see also Alba v. Interactive Data Corp.*, No. 9203570A (Mass. Super. Ct.
21 Nov. 17, 1995) (1995 WL 1146839 at *4), *aff'd*, 44 Mass. App. Ct. 311, 690 N.E.2d
22 1240 (1998).

23     Here, plaintiff does not even conclusorily allege, much less provide facts that
24 could substantiate such an allegation, that Mr. Lambert's telling ExecuJet that plaintiff
25 was "fired" was part of the job that Mr. Lambert was hired to perform, that he did so
26 within the time and space of his employment, or that his action was motivated by any
27 desire to serve Sentient's interests. Therefore, even apart from the many substantive
28

deficiencies in plaintiff's defamation claim, the claim should be dismissed because plaintiff has failed to allege facts sufficient to impose such liability on Sentient.

## VI. PLAINTIFF'S INTERFERENCE CLAIM SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED.

Count Five alleges that "all defendants" intentionally interfered with plaintiff's business relationships of prospective advantage by committing "acts to disrupt such relationships, including the intentional and malicious communication of false defamatory statements about the circumstances surrounding its termination of Mr. Scollins' employment." Compl. ¶50. To establish interference with advantageous business relations, the plaintiff must plead and prove that: (1) it had a business relationship for economic benefit with a third party; (2) defendant knew of the relationship; (3) defendant interfered with the relationship through improper motive or means; and (4) plaintiff suffered a loss of advantage resulting directly from the defendant's conduct. *Kurker v. Hill*, 44 Mass. App. Ct. 184, 191, 689 N.E.2d 833, 838 (1998); *see also Doyle v. Hasbro, Inc.*, 103 F.3d 186, 195-196 (1st Cir. 1996). Plaintiff has failed to plead the facts needed to state these elements.

Although Count Five contains a conclusory allegation that "Mr. Scollins developed business relationships with participants in the luxury aircraft charter business, giving rise to the probability of economic benefit," Compl. ¶48, plaintiff fails to allege facts indicating that he in fact has or had any particular "business" relationship with any such "participant," much less any relationship with which the defendants interfered. Because plaintiff has failed to allege any facts to support his conclusory assertion that plaintiff had any business relationship with which defendants knowingly interfered through wrongful means or motive, Count Five should be dismissed. *See, e.g., Mill-Bern Associates, Inc. v. Dallas Semiconductor Corp.*, No. 98-1435-D (Mass. Super. Ct. Jun. 13, 2002) (2002 WL 1340853 at *5). The claim should be dismissed for the further reason that plaintiff has failed to allege, as he must, facts indicating that he suffered any loss of advantage directly resulting from any

purported "interference" by any defendant. Finally, plaintiff cannot piggyback his interference claim on a defamation claim that fails as a matter of law, for the reasons discussed above.

## CONCLUSION

For the foregoing reasons, the action should be dismissed in its entirety for lack of venue and lack of jurisdiction, and Counts Three through Six should be dismissed for failure to state a claim.

RESPECTFULLY SUBMITTED this 21st day of May 2003.

MEYER, HENDRICKS & BIVENS, P.A.

By _____
Paul L. Stoller
3003 North Central Avenue
Suite 1200
Phoenix, Arizona 85012-2915

– and –

SULLIVAN, WEINSTEIN & McQUAY, P.C.
C. Max Perlman
A. Lauren Carpenter
Two Park Plaza
Boston, Massachusetts 02116

Attorneys for Defendants Sentient, fka eBizJets; John I. Williams, Jr.; John Hennessy; Ed Johnson; and Paul Model

ORIGINAL of the foregoing FILED and COPY mailed this 21st day of May 2003, to:

John D. Parker, II
Jerald C. Thompson
Parker & Thompson, P.L.L.C.
830 North First Avenue
Phoenix, Arizona 85003

355065.1

19