1 | **PARKER & THOMPSON, P.L.L.C.**
_____ ATTORNEYS AT LAW _____

2 | 141 East Palm Lane, Suite 111 ♦ Phoenix, Arizona 85004
P.O. Box 63098 ♦ Phoenix, Arizona 85032-3098

3 | Telephone: (602) 257-8100 ♦ Facsimile: (602) 257-8110

4 | Jerald C. Thompson #009324
Anthony E. Young, #020742

5 | Attorneys for Plaintiff

6 |

7 | IN THE UNITED STATES DISTRICT COURT

8 | FOR THE DISTRICT OF MASSACHUSETTS

9 | DONALD SCOLLINS,                          )
                                            )          No. 03-12478-EFH

10 |              Plaintiff,                   )
                                            )

11 | v.                                       )
                                            )          **APPLICATION OF**

12 | SENTIENT, fka eBizJets, a Delaware corporation;)   **ATTORNEY FOR**
JOHN I. WILLIAMS, JR.; PAUL A. SVENSEN,)             **ADMISSION TO PRACTICE**

13 | JR.; JOHN HENNESSY; ED JOHNSON; and PAUL)   **PRO HAC VICE PURSUANT**
MODEL,                                      )          **TO LOCAL RULE 83.5.3(b)**

14 |              Defendants.                  )

15 | _____)   (Assigned to the Honorable
                                                      Edward F. Harrington)

16 |    1.    I, Jerald C. Thompson, hereby apply to the Court under Local Rule 83.5.3(b)

17 | for pro hac vice admission to appear and practice in this action on behalf of Plaintiff, Donald

18 | Scollins.

19 |

20 |    2.    My residence and business addresses are as follows:

21 |          **Residence address:** 4808 North Litchfield Knoll Road
                                   Litchfield Park, Arizona 85340

22 |

23 |          **Firm Name:**        Parker & Thompson, P.L.L.C.

24 |          **Firm Address:**     141 East Palm Lane, Suite 111

25 |                                Phoenix, Arizona 85004

26 |          **Firm Phone No.:**   (602) 257-8100

3.    I am admitted to practice before the following courts:

| TITLE OF COURT | DATE OF ADMISSION | IN GOOD STANDING |
|---|---|---|
| 9th Circuit Court of Appeals | February 1, 2002 | Yes |
| U.S. District Court- AZ | October 17, 1983 | Yes |
| AZ Supreme Court | October 15, 1983 | Yes |

4.    Applicant's original Certificate of Good Standing from the U.S. District Court for the District of Arizona is attached hereto as Exhibit "A".

5.    I have **not** concurrently, or within one (1) year of this application, made any pro hac vice applications to this Court.

6.    I am familiar with the Local Rules of the United States District Court for the District of Massachusetts, and, this Application for leave to practice in this Court is on motion of a member of the bar of this Court.

**ALL APPLICANTS ARE REQUIRED TO ANSWER THE FOLLOWING QUESTIONS.**

If you answer YES to either of the following questions, please explain all circumstances on a separate page.

Are you currently the subject of a disciplinary investigation or proceeding by any Bar or Court?                                        **Yes.**

Have you ever been disbarred from practice in any Court?   **No.**

I declare under penalty of perjury that the foregoing is true and correct; that I am not a resident of, nor and I regularly employed, engaged in business, professional or other activities in the State of Massachusetts; and that I am not currently suspended, disbarred or subject to disciplinary proceedings in any court. I have read and will ascribe to the Standards for Professional Conduct.

Date: _____          By: _____
                                              Jerald C. Thompson
                                              Applicant

2

## Separate Statement Regarding Disciplinary Investigation

1    On October 17, 2002, the State Bar of Arizona requested information concerning
2  the professional conduct of Mr. John D. Parker II, my partner. *In re: John D. Parker II,*
3  No. 02-1929. I responded on Mr. Parker's behalf on December 16, 2002, explaining the
4  details of the case in question, and denying that any misconduct had taken place.

5    After the underlying litigation had been terminated, we requested the Bar dismiss
6  any charges on June 26, 2003.

7    On July 7, 2003, a Probable Cause Panelist of the State Bar of Arizona found that
8  "probable cause existed" to believe Mr. Parker may have violated Rule 42 of the Rules of
9  the Arizona Supreme Court, including ER 3.2 (expediting litigation); 3.4(c) (knowingly
10 disobeying an obligation under the rules of a tribunal); 5.1 (responsibilities of a partner or
11 supervisory lawyer); 5.5 (unauthorized practice of law); 8.4(c) (general misconduct); and
12 Rule 51(e) (violating rules of a Court).

13   On November 11, 2003, the State Bar stated it would be using my responses on
14 behalf of Mr. Parker to screen the case as to my professional conduct. The stated reason
15 was "because [I was] also a partner of the firm at the time of the alleged misconduct. . ."
16 (Atch A). Ten days later, on November 21, 2003, an Order of Informal Reprimand and
17 Costs (in Arizona, an admonishment) was issued for:

18   Your failure to advise the court and opposing counsel that your firm no
     longer had an attorney licensed in the State of Virginia who could continue
19   with the litigation in the *Richardson v. Elite Heating and Cooling* case
     caused delay in the proceedings and was unfair to the opposing party.
20   Further, your firm's failure to comply with valid court orders was prejudicial
     to the administration of justice and warrants the imposition of an informal
21   reprimand.

22 (Atch B).

23   Since we had specifically advised the Court and opposing counsel of the situation in
24 Virginia, and our only failure to "comply with valid court orders" was based on a judicial
25 challenge to those orders, both Mr. Parker and I demanded formal proceedings be
26 instituted (Atch C). The proceedings are moving forward (Atch D).

Attachment A



·70 YEARS OF SERVICE
1933-2003

STATE BAR
*of* ARIZONA

Direct Line (602) 340-7250

November 11, 2003

Jerald C. Thompson
Parker & Thompson, PLLC
141 E. Palm Lane, Suite 111
P.O. Box 63098
Phoenix, Arizona 85082-3098

        Re:    File No. 03-1974

Dear Jerry:

This is to confirm our prior discussion concerning the need to open a screening file regarding charges filed against the firm of Parker & Thompson arising from the *Richardson-Hodges v. Elite Heating* litigation. As you know, this case was originally screened only as to John Parker and you responded to the State Bar on his behalf. However, because you were also a partner of the firm at the time of the alleged misconduct, this should have been screened as to you as well.

In order to expedite the disposition of this matter, you have agreed that the contents of the file pertaining to Mr. Parker, including your response on his behalf, may be copied and incorporated as your screening file, thus eliminating the need for you to file any additional documentation.

I appreciate your willingness to proceed in this manner and hope we can resolve the charges against you and Mr. Parker in an expeditious manner. If I have misunderstood any aspect of our prior discussion, please contact me, in writing, at your earliest convenience.

Sincerely,

Christine M. Powell
Staff Bar Counsel

CMP:lb

Attachment B

**FILED**

NOV 2 1 2003

**STATE BAR OF ARIZONA**

BY _____

BEFORE THE PROBABLE CAUSE PANELIST
OF THE STATE BAR OF ARIZONA

IN THE MATTER OF A MEMBER )
OF THE STATE BAR OF ARIZONA)
                        )
**JERALD C. THOMPSON,**   )
**Bar No. 009324**        )
                        )
   Respondent.      )
_____)

No. 03-1974

**ORDER OF INFORMAL
REPRIMAND AND COSTS**

The undersigned Probable Cause Panelist of the State Bar, having reviewed this matter pursuant to Rule 53(b), Ariz.R.S.Ct., finds that probable cause exists to believe that Respondent has violated Rule 42, Ariz.R.S.Ct., to wit: ERs 3.2, 3.4(c), 8.4 and Rule 51(e), Ariz.R.S.Ct. as follows:

> Your failure to advise the court and opposing counsel that your firm no longer had an attorney licensed in the State of Virginia who could continue with the litigation in the *Richardson v. Elite Heating and Cooling* case caused delay in the proceedings and was unfair to the opposing party. Further, your firm's failure to comply with valid court orders was prejudicial to the administration of justice and warrants the imposition of an informal reprimand.

**IT IS THEREFORE ORDERED** that:

(1) Pursuant to Rules 52(a)5 and 53(b), Ariz.R.S.Ct., Respondent is reprimanded for such conduct.

(2) Pursuant to Rules 52(a)5 and 54(k)4, this Order will be entered in the Respondent's permanent record at the State Bar and, pursuant to Rule

61(a)2, is not confidential. It may also be considered by a hearing officer, the Disciplinary Commission or the Supreme Court in recommending or imposing discipline in a subsequent disciplinary proceeding against Respondent.

**IT IS FURTHER ORDERED**, pursuant to Rule 52(a)8, Ariz.R.S.Ct., that Respondent shall pay the costs and expenses of these proceedings, as set forth in the attached Statement of Costs and Expenses, within thirty (30) days of receipt of this Order.

**PURSUANT** to Rule 53(b)5, Ariz.R.S.Ct., you have the right to contest this Order of Reprimand and, instead, demand that a formal proceeding be instituted. Your demand should be lodged with the bar counsel assigned to this matter within ten (10) days of service of this Order of Reprimand.

DATED this _20_ day of _November_ , 2003.

_____
Probable Cause Panelist
State Bar of Arizona

Copy mailed by regular first class mail        Jimmie D. Smith
and by certified mail this _20th_ day
of _November_ , 2003, to:

Jerald C. Thompson
Parker & Thompson, PLLC
P. O. Box 63098
Phoenix, Arizona 85082-3098
Respondent

Copy hand-delivered this *26th* day
of *November* , 2003, to:

Lawyer Regulation Records Manager
State Bar of Arizona
111 West Monroe St.  Suite 1800
Phoenix, Arizona 85003

by: *Lynn Boardman*
CMP:lb

Attachment C

**PARKER & THOMPSON, P.L.L.C.**
_____ ATTORNEYS AT LAW _____
141 E. Palm Lane, Suite 111 ◆ Phoenix, Arizona 85004
Telephone: (602) 257-8100 ◆ Facsimile: (602) 257-8110
Jerald C. Thompson #009324
**Respondent**

## BEFORE THE PROBABLE CAUSE PANELIST

## OF THE STATE BAR OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA, ) ) ) | No.    03-1974 |
| **JERALD C. THOMPSON,** ) ) | **DEMAND FOR FORMAL PROCEEDING** |
| Bar No. 009324 ) ) | |
| Respondent. ) ) | |

Pursuant to Ariz. R. S.Ct. 53(b)5 (2002),[1] Respondent JERALD C. THOMPSON

respectfully demands that a formal proceeding be instituted; that the Order of Informal

Reprimand and Costs dated November 21, 2003, and served on November 24, 2003, be

vacated; and that the matter be disposed of in the same manner as any other matter

instituted before a hearing officer.

RESPECTFULLY SUBMITTED this 4th day of December, 2003.

Jerald C. Thompson
PARKER & THOMPSON, P.L.L.C.
141 E. Palm Lane, Suite 111
Phoenix, AZ 85004
(602) 257-8100

**Respondent**

---

[1] Ariz R. S.Ct. 54(b)5 (2003)

1 | Copy of the foregoing hand-delivered
this 4th day of December, 2003, to:

2 |

Christine Powell
3 | Staff Bar Counsel
STATE BAR OF ARIZONA
4 | 111 West Monroe, Suite 1800
Phoenix, AZ 85003-1742

5 |

By: [signature]

6 |

C:\My Documents\BAR Demand for Formal Proceeding.wpd

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

Attachment D

BEFORE THE PROBABLE CAUSE PANELIST
OF THE STATE BAR OF ARIZONA

FILED

JAN 1 2 2004

STATE BAR OF ARIZONA

BY

IN THE MATTER OF A MEMBER )
OF THE STATE BAR OF ARIZONA, )
)
**JERALD C. THOMPSON,** )
  **Bar No. 009324** )
)
  Respondent. )
_____ )

No. 03-1974

**ORDER VACATING INFORMAL
REPRIMAND AND INSTITUTING
ORDER OF PROBABLE CAUSE**

On November 20, 2003, the undersigned Probable Cause Panelist issued an

informal reprimand to the above-named Respondent for conduct violative of

Rule 42, Ariz.R.S.Ct.

**PURSUANT TO** Rule 54(b)5, Ariz.R.S.Ct., the Respondent has filed a

timely demand for institution of a formal proceeding, thus necessitating vacation of

the informal reprimand.

Accordingly, the Probable Cause Panelist, having reviewed the charges in this

matter, does hereby find that probable cause exists for the issuance of a complaint

against Respondent, charging violations of Rule 42, Ariz.R.S.Ct., including but not

limited to ERs 3.2, 3.4(c), 5.1, 5.5 and 8.4 and Rule 53(c).

**IT IS THEREFORE ORDERED** that the informal reprimand be vacated

and that bar counsel prepare and file an appropriate complaint with the disciplinary

clerk.

DATED this _9th_ day of _January_ , _2004_ .


_____
Probable Cause Panelist
State Bar of Arizona

Alan P. Bayham, Jr.

Copy mailed by regular first class mail
~~and by certified mail~~ this _13th_ day
of _January_ , _2004_ , to:

Jerald C. Thompson
Parker & Thompson
141 E. Palm Lane, Suite 111
Phoenix, Arizona  85082
Respondent

Copy hand-delivered this _13th_ day
of _January_ , _2004_ , to:

Lawyer Regulation Records Manager
State Bar of Arizona
111 West Monroe, Suite 1800
Phoenix, Arizona 85003

by: _____
     CMP/lb