IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD SCOLLINS, individually and on
behalf of BOTTOM LINE ADVERTISING,
a sole proprietorship,

       Plaintiff,

vs.

SENTIENT, fka eBizJets, a Delaware
corporation; JOHN I. WILLIAMS, JR.;
PAUL A. SVENSEN, JR,

       Defendants.

Civil Action No. 03-12478EFH

## ANSWER

Defendant Sentient Jet. Inc. ("Sentient") hereby responds to the correspondingly numbered paragraphs of the Complaint as follows:

1.    Sentient denies knowledge and information sufficient to form a belief of the allegations contained in Paragraph 1 of the Complaint, and therefore denies them.

2.    Sentient admits that it is a Delaware Corporation, which was known as "eBizJets" prior to September 2002. Sentient is unclear of the meaning of the phrase "qualified to transact business in the State of Arizona" as it is used in the fourth sentence of Paragraph 2 of the Complaint, and therefore denies the allegations contained therein. Sentient denies the remaining allegations contained in Paragraph 2 of the Complaint.

3.    The Court's Order of March 9, 2004, dismissing Counts III though VI of the Complaint and dismissing the claims against the individual defendants, renders moot the allegations in Paragraph 3 of the Complaint, and Sentient, therefore, denies such allegations. Sentient admits that Williams is a Massachusetts resident.

4.     Sentient states that to the extent that the allegations in Paragraph 4 call for a legal conclusion, no response is required.

5.     Sentient states that to the extent that the allegations in Paragraph 5 call for a legal conclusion, no response is required.

6.     Sentient admits that Scollins worked for eBizJets as its Director of Charter Operations, and that Scollins received a salary, bonuses, and was granted stock options. Sentient denies the remaining allegations contained in Paragraph 6.

7.     Sentient admits that Scollins signed the eBizJets Employee Acknowledgement Form. Sentient further states that the eBizJets Employee Acknowledgement Form speaks for itself, and Sentient denies any allegations which exceed or mischaracterize the contents of that document. Sentient denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.     Sentient admits that eBizJets granted Scollins 280,412 stock options at an exercise price of $0.50 per share, that the Grant Date was on or about November 8, 2000, and that the Vesting Commencement Date was on or about February 22, 2001. Sentient denies the remaining allegations contained in Paragraph 8 of the Complaint.

9.     Sentient admits that it entered into a "Stock Option Agreement" with Scollins. Sentient further states that the Stock Option Agreement speaks for itself, and Sentient denies any allegations which exceed or mischaracterize the contents of that document. Sentient denies the remaining allegations contained in Paragraph 9 of the Complaint.

10.     Sentient admits that on or about September 19, 2001, John Williams informed Scollins that Williams was recommending to the Board of Directors of eBizJets

that Scollins, among others, receive 1,000 stock options in the company, and that the Board of Directors approved such grant. Sentient denies the remaining allegations contained in Paragraph 10 of the Complaint.

11.     Denied.

12.     Sentient admits that it decided to terminate Scollins in November 2001. Sentient denies knowledge and information sufficient to form a belief of the remaining allegations contained in Paragraph 12 of the Complaint, and therefore denies them.

13.     Sentient admits that on or about November 23, 2001, Sentient informed Scollins that his employment would be terminated, and that this occurred in a meeting with John Williams and Carol Caliendo. Sentient further admits that Mr. Scollins was informed of certain violations of company policies and was given a Severance Agreement. Sentient denies knowledge and information sufficient to form a belief of the allegations regarding what Scollins knew at the time of his termination, and therefore denies. Sentient denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     Sentient admits that John Williams informed Scollins that his termination would be "without cause," and that he informed Scollins to immediately relinquish all company property. Sentient denies knowledge and information sufficient to form a belief of the allegations in the third sentence of Paragraph 14 of the Complaint, and therefore denies them. Sentient denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Sentient denies knowledge and information sufficient to form a belief of the allegations contained in Paragraph 15 of the Complaint.

3

16.     Sentient admits that on January 11, 2002, the Board of Directors held a special meeting to discuss Mr. Scollins' termination. Sentient further admits that on or about January 15, 2002, Mr. Williams informed Scollins that his termination from eBizJets was "with cause." Sentient denies the remaining allegations contained in Paragraph 16 of the Complaint.

17.     Sentient admits that it sent Scollins a letter dated January 15, 2002 by certified mail. Sentient further states that the letter speaks for itself, and Sentient denies any allegations which exceed or mischaracterize the contents of that document. Sentient further admits that pursuant to the Stock Option Agreement, Scollins' termination for cause resulted in the termination of the stock option.

18.     Sentient realleges and incorporates by reference paragraphs 1 through 17 as if fully restated herein.

19.     Sentient states that to the extent that the allegations in Paragraph 19 calls for a legal conclusion, no response is required, and denies otherwise.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Sentient realleges and incorporates by reference paragraphs 1 through 25 as if fully restated herein.

27.    Sentient states that to the extent that the allegations in Paragraph 27 call for a legal conclusion, no response is required, and denies otherwise.

28.    Sentient states that to the extent that the allegations in Paragraph 28 call for a legal conclusion, no response is required, and denies otherwise.

29.    Denied.

30.    Denied.

31.    Denied.

32.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

33.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

34.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

35.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

36.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

37.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

38.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

39.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

40.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

41.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

42.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

43.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

44.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

45.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

46.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

47.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

48.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

49.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

50.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

51.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

52.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

53.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

54.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

55.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

56.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

57.    The Court's Order of March 9, 2004 renders moot the allegations in this Paragraph of the Complaint, and Sentient, therefore, denies such allegations.

SENTIENT, fka eBizJets, a Delaware corporation,

By its attorneys,

_____
C. Max Perlman (BBO #630395)
A. Lauren Carpenter (BBO #551258)
SULLIVAN WEINSTEIN & McQUAY, PC
Two Park Plaza, Suite 610
Boston, Massachusetts 02116
(617) 348-4300

Dated: April 15, 2004

## CERTIFICATE OF SERVICE

I, C. Max Perlman, hereby certify that the above document was served upon counsel for the plaintiff by mail on April 15, 2004.

_____
C. Max Perlman

7