IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING, a sole proprietorship,

Plaintiff,

vs.

SENTIENT, fka eBizJets, a Delaware corporation,

Defendants.

Civil Action No. 03-12478EFH

## SENTIENT'S MOTION TO DISMISS COUNT IV OF THE FIRST AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant, Sentient Jet, Inc. ("Sentient") hereby moves to dismiss Court IV of the First Amended Complaint. Count IV purports to assert a "Wage Claim" under Mass. Gen. L. c. 149, § 148 and 150 (c. 149, §§ 148 and 150 are commonly and hereinafter referred to as the "Weekly Wage Law"). As set forth more fully in the accompanying Memorandum in Support of Sentient's Motion to Dismiss Count IV of the First Amended Complaint, Count IV is deficient and should be dismissed for the following reasons:

As grounds for its Motion, Sentient states as follows:

1. Count IV fails as a matter of law because the plaintiff, Donald Scollins, has failed to satisfy a statutory prerequisite to filing a claim under the Weekly Wage Law. Massachusetts law mandates that all such claims must be filed with the Massachusetts

Attorney General before a party can bring such a claim in court. Scollins fails to allege that he has filed with the Attorney General. This alone requires dismissal of Count IV.

2. Even if Scollins had satisfied the statutory prerequisites, which he did not, Count IV still fails as a matter of law. The First Amended Complaint alleges a contract dispute between Scollins and Sentient over whether Scollins has the right to exercise certain stock options. *A contract dispute between an employer and an employee over the exercise of stock options is not actionable under the Weekly Wage Law.* This precise rule of law has been determined and recited by Massachusetts state and federal courts. Moreover, a recent Massachusetts Appeals Court decision significantly narrows the scope of the Weekly Wage Law, to the exclusion of claims for stock options. Further, the Weekly Wage Law, as written, cannot possibly be read to apply to claims for stock options.

For the reasons set forth herein and in the accompanying Memorandum of Law, Sentient respectfully requests that this Court dismiss Count IV of the First Amended Complaint.

## REQUEST FOR HEARING

Pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, Sentient respectfully requests a hearing on the above Motion.

SENTIENT, fka eBizJets, a Delaware corporation,

By its attorneys,

_____
C. Max Perlman (BBO #630395)
A. Lauren Carpenter (BBO #551258)
SULLIVAN WEINSTEIN & McQUAY, PC
Two Park Plaza, Suite 610
Boston, Massachusetts 02116
(617) 348-4300

Dated: January 18, 2005

## CERTIFICATE OF SERVICE

I, C. Max Perlman, hereby certify that the above document was served upon counsel for the plaintiff by fax and mail on January 18, 2005.

_____
C. Max Perlman