IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING, a sole proprietorship,<br><br>    Plaintiff,<br><br>vs.<br><br>SENTIENT, fka eBizJets, a Delaware corporation;<br>    Defendant. | Civil Action No. 03-12478EFH |

## JOINT MOTION TO CLARIFY AND MODIFY
## THE SCHEDULING ORDER

Pursuant to Local Rule 16.1, the plaintiff and defendant hereby jointly move to clarify and modify the Scheduling Order in this case as set forth below. The requested changes in the schedule are relatively minor, and are made necessary because of amendments to the complaint (which required plaintiff to exhaust administrative remedies during the course of this case) and deposition scheduling issues due to the fact that the parties and attorneys are in Massachusetts and Arizona, while certain witnesses reside in Florida and New York. As grounds for this Motion, the parties state that:

1.  The Parties appeared before this Court in 2004 for a conference, and discussed the schedule of this case going forward. It does not appear from the docket that a Scheduling Order was entered following that conference. The docket does show that a pre-trial conference was scheduled for July 13, 2005.

2.  Since appearing in Court, the parties have worked together and have made progress on discovery, including exchange of documents and written discovery, and

scheduling of depositions of witnesses residing in Massachusetts, Arizona, New York and Florida.

3. During the discovery phase of this case, on December 20, 2004, this Court allowed plaintiff's Motion to Amend his Complaint. Defendant moved to dismiss one of the Amended Complaint's new counts, Count IV, for violation of M.G.L. c. 149, sec. 149 (the "Wage Claim"). Defendant's motion to dismiss is based on two arguments: 1) that plaintiff had not exhausted his administrative remedies prior to bringing the Wage Claim; and 2) that the facts alleged in the complaint do not state a claim under the statute as a matter of law. By February 23, 2005, the parties had filed all motion papers relating to this Motion to Dismiss, and the Court had re-scheduled the pre-trial conference to June 29, 2005.

4. On February 28, 2005, this Court ordered that the defendant's motion to dismiss was "MOTION DENIED AT THIS TIME. PLAINTIFF IS GRANTED LEAVE TO FILE COMPLAINT WITH ATTORNEY GENERAL," and permitted the plaintiff to go through the proper administrative channels to bring the Wage Claim.

5. Plaintiff pursued the Wage Claim with the Attorney General, and on April 25, 2005, filed a, and filed a "Notice of authority to pursue wage claim."

6. The parties had to forego discovery efforts in April and early May 2005 due to an unforeseen medical issue in defendant's counsel's immediate family.

7. The Court has not heard oral argument on defendant's second ground for dismissal --- that the Wage Claim fails as a matter of law --- and the parties would request that the Court set a date for a hearing on this issue.

8.  While the parties have made significant progress toward trial in this matter, some additional time is needed to complete all of the pre-trial tasks, because of certain delays inherent in plaintiff's need to redirect his efforts toward the Massachusetts Attorney General (in order to perfect his amendment), unforeseen family medical issues, and the parties coordination of discovery from witnesses in multiple states.

WHEREFORE, the parties respectfully and jointly request that the Court enter an Order establishing the following Schedule for the remainder of this case:

   a.  Deadline for completion of fact discovery: July 31, 2005

   b.  Disclosure of expert testimony: July 15, 2005

   c.  Completion of expert depositions: August 15, 2005

   d.  Dispositive motions filed by: September 15, 2005

In addition, the parties respectfully request that the Court hear the remainder of defendant's motion to dismiss, and re-schedule the final pre-trial hearing consistent with the proposed schedule set forth above.

DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING, a sole proprietorship,

By his attorneys,

*/s/ John Parker*

John Parker, Pro Hac Vice
Anthony E. Young, Pro Hac Vice
PARKER LAW FIRM, PLC
141 East Palm Lane, Suite 111
Phoenix, AZ 85004
(602) 257-8100

-and-

Edward C. Cooley (BBO#550117)

3

> GIARRUSO NORTON COOLEY &
> MCGLONE, PC
> 308 Victory Road
> Quincy, MA 02171
> (617) 770-2900
>
>
> SENTIENT, fka eBizJets, a Delaware corporation,
>
> By its attorneys,
>
> _____
> C. Max Perlman (BBO #630395)
> SULLIVAN WEINSTEIN & McQUAY, PC
> Two Park Plaza, Suite 610
> Boston, Massachusetts 02116
> (617) 348-4300

Dated: June 20, 2005