## MUTUAL TERMINATION AGREEMENT

**MUTUAL TERMINATION AGREEMENT** (this "Agreement") dated as of the 23rd day of November, 2001 by and between eBizJets.com, Inc., a Delaware corporation (the "Company"), and Donald Scollins, an individual residing in Green Harbor, Massachusetts ("Scollins").

### WITNESSETH:

WHEREAS, Scollins is an employee of the Company and also owns or controls an entity that has done advertising business with the Company; and

WHEREAS, Scollins and the Company have agreed to the termination of Scollins' employment with the Company and desire to set forth herein the terms of such termination.

NOW, THEREFORE, in consideration of the mutual agreements set forth below, the receipt and adequacy of which is hereby acknowledged, the parties, intending to be legally bound, hereby agree as follows:

1. **Termination.** Effective as of the date of this Agreement, the employment of Scollins by the Company in all capacities is hereby terminated.

2. **Severance Payments.** Scollins shall receive the following severance payments from the Company: During the period November 24, 2001 through December 24, 2001, severance payments equal to one month's base salary (i.e., $5,625.00) payable in accordance with the Company's normal payroll practices and less appropriate withholdings and deductions.

3. **Continuation of Rights and Obligations Under Stock Option Agreement and Confidentiality & Non-Disclosure Agreement.** Scollins hereby acknowledges that (i) his right to exercise any vested options pursuant to the Stock Option Agreement – Incentive

CT01/CAPEJ/178490.2

Stock Option between Scollins and the Company dated as of November 8, 2000 shall terminate on December 24, 2001, and that thereafter he shall have no further right to exercise any options under such Stock Option Agreement, but shall remain subject to the terms and conditions of such Stock Option Agreement that continue to apply in the event he does elect to exercise his vested options prior to such date; and (ii) he shall continue to be subject to the terms and conditions of the Confidentiality & Non-Disclosure Agreement between Scollins and the Company dated as of March 1, 2000 to the extent applicable after termination of his employment with the Company.

4. **No Additional Compensation or Benefits.**

A. Scollins agrees that he is not entitled to, and waives any and all claims he has or may have to, any and all other compensation (including without limitation salary or bonus), benefits, expense reimbursement or other payments of any kind or nature whatsoever, in any capacity and in respect of any entity owned or controlled by Scollins, except as set forth in this Agreement.

B. Scollins confirms that he has been paid his salary, less applicable withholdings and deductions, pursuant to the Company's normal payroll practices and has been reimbursed for his business expenses pursuant to the Company's normal expense reimbursement practices, in each case through the date hereof.

C. Scollins represents and warrants that he has not taken any unlawful actions, undertaken any obligations or incurred any liabilities, in each case on behalf of the Company, except for those properly reported for recording on the Company's books or otherwise properly reported to the Company's Chief Executive Officer.

5.  **Non Disparagement.** Scollins and the Company each agrees that at all times hereafter he or it shall not make, or cause to be made, any statement, observation or opinion (whether public or private) that (i) accuses or implies that the other party hereto (or, in the case of the Company, any affiliate thereof) engaged in any wrongful, unlawful or improper conduct, whether relating to Scollins' employment with the Company, the business or operations of the Company and/or the relationship of any of the Company's affiliates with the Company, or otherwise; or (ii) disparages, impugns or in any way reflects adversely upon the business or reputation of Scollins or the Company (or, in the case of the Company, any affiliate thereof), except to the extent necessary in connection with legal process or required by law or regulation or by the rules of any national securities exchange or automated quotation service.

6.  **Company Property.** Scollins shall, before 5:00 p.m. on November 23, 2001, return to the Company all property and records of the Company which he has in his possession, including, without limitation, a laptop computer (Dell Latitude C600 laptop, serial number 6GD7N01, plus computer case and power adapter), an HP Deskjet Printer 950C, a Kyocera cell phone/palm device, a security key card and an identification badge. If he fails to timely return any of such property or records, without limiting the Company's other rights with respect thereto, the Company shall be entitled to suspend further payments under Paragraph 2 hereof until such property or records are returned. Such suspension shall not affect the continued validity of this Agreement.

7.  **Non-Disclosure.** The parties acknowledge that the terms of this Agreement and all discussions relating to it are confidential and agree that neither he nor it will disclose

the terms of this Agreement to any third party, except to his immediate family, to his or its counsel and accountants, and as required by court order.

8. **Miscellaneous**.

A. This Agreement constitutes the entire agreement between the parties, and supersedes all other agreements between the parties, with respect to the subject matter hereof. No amendments to or changes in this Agreement shall be effective unless reduced to writing and signed by the parties.

B. Scollins shall not assign any of the rights granted to him hereunder, including the right to receive payment. Any attempted assignment by Scollins shall be void.

C. This Agreement shall be construed under the laws of the Commonwealth of Massachusetts without regard to its principles regarding conflicts of laws. EACH OF THE PARTIES WAIVES THE RIGHT TO TRIAL BY JURY WITH RESPECT TO ALL CLAIMS ARISING UNDER THIS AGREEMENT.

D. If any provision of this Agreement is held to be unenforceable, such holding will not affect the enforceability of any other provision or the remainder of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date set forth above.

EBIZJETS.COM, INC.

_____ By:_____
Donald Scollins                                             John I. Williams, Jr.
                                                                      President and CEO