IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING, a sole proprietorship,<br><br>        Plaintiff,<br><br>v.<br><br>SENTIENT, fka eBizJets,<br><br>        Defendant. | Civil Action No. 03-12478-EFH |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Donald Scollins, by and through counsel undersigned, does hereby respond to Defendant's Motion for Partial Summary Judgment. Plaintiff's response is supported by the Memorandum of Law in Support of Plaintiff's Response to Defendant's Motion for Partial Summary Judgment, and Supplemental Declaration of Facts of Donald Scollins, filed concurrently herewith.

Defendant incorrectly claims that Plaintiff Donald Scollins' Wage Act claim should be denied because (1) stock options are not recoverable under the Wage Act; (2) stock options are contingent compensation and, therefore, not covered by the Wage Act; and (3) the claim is time-barred.

Scollins contends that, based on the articulated purpose of the Wage Act, and the undisputed facts in this case, Scollins' stock options are "wages." Also, the facts show

Scollins' stock options were not contingent, because on the date he was terminated for cause, the options had a fixed value.

Nor is Scollins' Wage Act claim time-barred. Pursuant to the Massachusetts Attorney General's *Advisory 98/2*, and *Bowen v. Eli Lilly & Co., Inc.*, 408 Mass. 204, 205 (1990), Scollins' claim survives because he did not discover or reasonably discover his Wage Act claim until July 15, 2004, the day Defendant's former chief executive officer, John I. Williams, was deposed and testified that the stock options that were wrongfully denied Scollins were to compensate him for his job performance. At the very least, this Court accepted Scollins' Wage Act claim before January 15, 2005, within three (3) years of Scollins' firing for cause, when Scollins filed his First Amended Complaint.

Scollins concedes there was no employment agreement requiring progressive discipline. However, there are fact issues that preclude summary judgment on Scollins' breach of contract claim. The essential terms of the parties' contract (price, time of payment, conditions upon which Defendant must pay, and form of consideration) were in fact discussed and agreed upon between Scollins and Jeff Creed, Defendant's then-president.

Finally, Scollins' breach of covenant of good faith and fair dealing claim should not be dismissed. Massachusetts law recognizes the claim when an employer terminates an "at will" employee without good cause and deprives the employee of clearly identifiable future compensation reflective of the employee's past services. *Fortune v. NCR*, 373 Mass. 96 (1977) (Abrahms, J.). Here, Defendant violated the covenant in both the Advertising

Placement Agreement, and the Stock Option Agreement, and this claim should stand.

Defendant's motion should be denied.

Plaintiff Donald Scollins, by his attorneys,

_____
John D. Parker, II, *Pro Hac Vice*
Anthony E. Young, *Pro Hac Vice*
141 E. Palm Lane, Suite 111
Phoenix, AZ 85082-3098

-and-

Edward C. Cooley, BBO #550117
GIARRUSSO, NORTON, COOLEY, ET. AL.
308 Victory Road
Quincy, MA. 02171
Attorneys for Plaintiff Donald Scollins

### CERTIFICATE OF SERVICE

I, John D. Parker, II, hereby certify that on this 14th day of October, 2005, I caused copies of **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND SUPPLEMENTAL DECLARATION OF FACTS OF DONALD SCOLLINS**, to be served by first-class mail, postage pre-paid addressed to Max C. Perlman, Esq., Sullivan, Weinstein & McQuay, P.C., Two Park Plaza, Suite 610, Boston, MA 02116-3902 (Attorneys for Defendant).

_____
John D. Parker, II

K:\978\021377\response to Sentient's MPSJ

3