# KELLEY DRYE

## FACSIMILE TRANSMISSION

| | |
|---|---|
| TO | Earle C. Cooley, Esq. |
| FIRM | |
| CITY | |
| FAX | (508) 428-5603 |
| PHONE | (508) 428-2923 |
| NO. OF PAGES | 4 (including this page) |
| DATE | January 4, 2002 |

KELLEY DRYE & WARREN LLP
101 PARK AVENUE
NEW YORK, NY 10178
(212) 808-7800
FAX (212) 808-7897

**MESSAGE**

| | |
|---|---|
| FROM | John T. Capetta |
| PHONE | (203) 351-8022 |
| E-MAIL | jcapetta@kelleydrye.com |
| TIMEKEEPER ID | 00257 |
| CLIENT NO. | 013268-0001 |

NEW YORK, NY
WASHINGTON, DC
TYSONS CORNER, VA
LOS ANGELES, CA
CHICAGO, IL
STAMFORD, CT
PARSIPPANY, NJ

BRUSSELS
HONG KONG

AFFILIATE OFFICES
BANGKOK
JAKARTA
MUMBAI
TOKYO

**IF PROBLEMS OCCUR DURING TRANSMISSION PLEASE CALL (212) 808-5035.**

The information contained in this facsimile message is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivery to the intended recipient, you are hereby notified that any use, copying, disclosure or dissemination of this communication may be subject to legal restriction or sanction.

CT01/CAPEJ/180036.1

## KELLEY DRYE & WARREN LLP

A PARTNERSHIP INCLUDING PROFESSIONAL ASSOCIATIONS

TWO STAMFORD PLAZA
281 TRESSER BOULEVARD
STAMFORD, CT. 06901-3229

(203) 324-1400

NEW YORK, N.Y.
WASHINGTON, D.C.
LOS ANGELES, CA.
MIAMI, FL.
CHICAGO, IL.
PARSIPPANY, N.J.

BRUSSELS, BELGIUM
HONG KONG

AFFILIATED OFFICES
NEW DELHI, INDIA
TOKYO, JAPAN

FACSIMILE
(203) 327-2669
(203) 964-3162

E-MAIL. jcapetta@kelleydrye.com

JOHN T. CAPETTA
DIRECT LINE (203) 351-8022

January 4, 2002

Settlement Negotiations/Inadmissible/Without Prejudice

### VIA FACSIMILE AND MAIL

Earle Cooley, Esq.
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA  02110

    Re:    eBizJets.com, Inc./Donald Scollins

Dear Earle:

    Each of the last two times you and I spoke regarding this matter, we finished the conversation without my having had a chance to tell you what eBizJets was prepared to agree to in respect of the termination of Mr. Scollins' employment. I understand from you that your client has decided to pursue litigation against the Company. Nevertheless, I thought it was important, for the record, that you and your client be informed that eBizJets was prepared to agree to the following in respect of the termination of Mr. Scollins' employment with eBizJets:

    1.    Mr. Scollins' employment with eBizJets would be terminated effective January 15, 2002, and he would be paid his base salary through that date, together with whatever payment he would be entitled to under Company policies with respect to accrued vacation and sick pay.

    2.    Mr. Scollins would be paid an additional $25,000 in respect of items 4 and 5 below.

CT01/CAPEJ/180022.1

**KELLEY DRYE & WARREN LLP**

Earle Cooley, Esq.
January 4, 2002
Settlement Offer/Inadmissible
Page Two

      3.     The Company would waive its right to terminate Mr. Scollins for cause. Consequently, Mr. Scollins would then have a period of thirty (30) days after his employment termination date to exercise all stock options vested through the date of termination of employment in accordance with the terms of his Stock Option Agreement and the Company's Stock Option Plan.

      4.     As part of any such settlement, Mr. Scollins would be required to: (i) immediately terminate, with prejudice, any ongoing legal or administrative proceedings, if any, that may have been commenced pertaining to the Company; (ii) deliver a covenant not to sue in favor of the Company and its agents and affiliates; (iii) provide a fully executed general release, in a form satisfactory to the Company, of any and all claims, causes of actions or other rights, if any, Scollins or any of his affiliates may have against the Company and any of its present or former directors, officers, agents, affiliates, successors and assigns, whether asserted or unasserted, up through the effective date of the settlement agreement.

      5.     Mr. Scollins would further covenant and agree to abide by the following terms and conditions after his employment termination date:

      (a)     not to disparage the Company or any of its directors, officers, agents or affiliates;

      (b)     not to take any action or cause others to take any action to obstruct, impede, damage or otherwise interfere in the Company's business operations which would include, without limitation, a prohibition against Scollins contacting or soliciting the Company's employees, clients or business partners;

      (c)     to return all Company property, including all customer lists and carrier contact information, within his possession, custody or control;

      (d)     to transfer to the Company any Company asset in Scollins' name or controlled by him, either directly or indirectly, for which the Company had made any prior payment, or the Company has used. Specifically, this would include any telephone numbers and yellow page advertising;

      (e)     acknowledge that his Confidentiality & Non-Disclosure Agreement with the Company (dated March 1, 2000), including the non-compete provisions of that agreement, would remain in effect in accordance with its terms; and

      (f)     the terms of the settlement would be kept confidential.

CT01/CAPEJ/180022.1

**KELLEY DRYE & WARREN LLP**

Earle Cooley, Esq.
January 4, 2002
Settlement Offer/Inadmissible
Page Three

     Going forward, please direct all communications concerning the Scollins matter to Jim Nealon of my office, at (203) 351-8013.

Sincerely yours,

*[signature]*

John T. Capetta

cc.    Mr. John I. Williams

CT01/CAPEJ/180022.1

** TOTAL PAGE.04 **

HP OfficeJet K Series K60
Personal Printer/Fax/Copier/Scanner

Log for
Earle Cooley
508-428-5603
Jan 04 2002 3:14pm

## Last Transaction

| Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| Jan 4 | 3:13pm | Fax Sent | 18668349377 | 1:25 | 4 | OK |