UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING, <br><br> Plaintiff, <br><br> vs. <br><br> SENTIENT, f/k/a eBizJets, <br><br> Defendant. | Civil Action No. 03-12478-EFH |

**JOINT STATEMENT OF STIPULATED FACTS,
STATEMENT OF ISSUES TO BE TRIED,
OUTSTANDING ISSUES RAISED BY PENDING MOTIONS,
AND LIST OF WITNESSES**

Pursuant to the Court's Order DATED December 15, 2005, plaintiff Donald Scollins d/b/a individually and on behalf of Bottom Line Advertising ("Scollins"), and defendant Sentient, f/k/a eBizJets ("Sentient") submit this Joint Statement of Stipulated Facts, Statement of Issues to Be Tried, Statement of Issues Pending on Open Motions, and List of Witnesses.

**1.    OVERVIEW OF CASE**

Scollins, a former employee of Sentient (the "Company"), has brought four claims against Sentient: (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) unjust enrichment, and (4) violation of Mass. Gen. L. ch. 149, §§ 148 and 150 (the "Wage Act"). Both the breach of contract and breach of implied covenant counts have three parts: (a) breach of an alleged, implied promise to apply progressive discipline, (b) breach of an alleged promise to pay Scollins money for ads he placed with the Wall Street Journal on behalf of Sentient (the alleged "Advertising Placement Agreement"), and (c) breach of the Stock Option

Agreement. The unjust enrichment claim relates solely to monies allegedly owed to Scollins for the advertising placements that are the subject of the alleged and so-called Advertising Placement Agreement, and the Wage Act claim relates solely to the stock options that are the subject of the Stock Option Agreement.

**2.    FACTS ESTABLISHED BY THE PLEADINGS, BY ADMISSIONS, OR BY STIPULATIONS**

1. Sentient Jets, Inc. ("Sentient"), formerly known as eBizJets.com, Inc., is a corporation that brokers charter jets for individuals and companies.

2. Sentient was started in 1997 by Jeff Creed.

3. Don Scollins began working for Sentient in or about March 1999 as a charter representative. He subsequently became director of charter operations, a position he remained in until the termination of his employment.

4. Sentient paid Scollins a salary for his work.

5. Sentient granted Scollins certain stock options during his employment.

6. On November 23, 2001, Sentient terminated Scollins employment without cause.

7. In January 2002, the Board of Directors changed the termination to "for cause," and Scollins was notified of this on January 15, 2002.

8. Scollins's stock options were not exercised.

9. Pursuant to the eBizJets.com, Inc. Stock Option Agreement between Donald Scollins and eBizJets, Donald Scollins' right to exercise stock options, both vested and unvested, terminated if his employment was terminated for cause.

10. If Scollins had not been terminated for cause by Sentient, pursuant to the eBizJets.com, Inc. Stock Option Agreement between Donald Scollins and eBizJets, the number

of the options that Scollins would have vested as of November 2001 is 43.7% or 122,540, and as of January 2002 is 47.9% or 135,363.

11. If Scollins had not been terminated for cause by Sentient, and if Scollins had vested stock options, he would have received $0.31 per share for each vested stock option in or about March 2003. Scollins never had the right or ability at any time to receive more than $0.31 per share for any stock or stock option.

12. During his employment with eBizJets, Donald Scollins received one or more free trips from carriers.

**3.    CONTESTED ISSUES OF FACT AND LAW**

Scollins and Sentient identify the following contested issues of fact:

1. Whether Sentient ever agreed to pay Scollins compensation for the ads placed for Sentient with the Wall Street Journal through Bottom Line, and if so, what the contract terms are and whether Sentient breached the contract.

2. Whether Sentient ever promised to engage in progressive discipline before terminating Scollins' employment, and if so, whether Sentient breached the alleged promise.

3. Whether Sentient wrongfully deprived Scollins of the right to exercise stock options.

4. Whether Sentient had cause for terminating Scollins's employment.

5. Whether Sentient violated any covenant of good faith and fair dealing in terminating Scollins's employment, not paying him compensation for the ads placed through Bottom Line, or depriving him of the opportunity to exercise his stock options by terminating his employment for cause.

6. Whether Sentient received a benefit from the placement of the ads through Bottom Line, whether Sentient reasonably expected to compensate Scollins for the placement of

3

the ads through Bottom Line, and whether Scollins reasonably expected compensation for the placement of the ads through Bottom Line, and if so, what a fair compensation would be.

    7.    Whether Sentient already compensated Scollins for placement of the ads through Bottom Line.

    8.    Whether Sentient violated the Wage Act by depriving Scollins of the ability to exercise his stock options by terminating his employment for cause.

    9.    Whether Scollins' claim under the Wage Act is time-barred.

Defendant contends that there is an evidentiary issue concerning the admissibility of statements made during settlement discussions between the parties. Plaintiff contends certain statements made during settlement discussions are admissible.

Defendant also contends that there is an evidentiary issue as to whether Scollins should be allowed to testify concerning the existence of or terms of the purported contract concerning the advertising given that his testimony in this case is internally inconsistent. Plaintiff contends that this is an issue of the weight to be given to Mr. Scollins' testimony, not the admissibility thereof.

Scollins intends on filing motions in limine to exclude evidence, including documents and/or witness testimony, as to the alleged reasons Scollins was fired for cause, because, he contends, that Defendant has not disclosed any evidence on this issue and never told Scollins why he had been fired for cause.

**4.    OUTSTANDING ISSUES RAISED BY PENDING MOTIONS**

In September 2005, defendant moved for partial summary judgment, arguing that Scollins' claim under the Wage Act (Count IV) and his contractual claims (Counts I and II) fail as a matter of law. Defendant argued that as a matter of law, failure to pay stock options is not a violation of the Wage Act, and that Scollins' is time barred from raising his claim under the

4

Wage Act.  Also, defendant argued that Scollins' breach of contract claims fail as a matter of law, because:  (a) there is indisputable evidence that there was no agreement providing for Sentient to apply progressive discipline; (b) the alleged "Advertising Placement Agreement" is too vague and indefinite to constitute a contract as a matter of law; and (c) that the alleged "Advertising Placement Agreement" is barred by the Statute of Frauds.

The Court denied defendant's motion for partial summary judgment, but stated "COURT SHALL RECONSIDER ISSUES ON MOTION FOR JUDGMENT AS A MATTER OF LAW.  SO ORDERED."  Pursuant to this Order, defendant intends to re-raise its summary judgment arguments in a motion for judgment as a matter of law.

**5.    WITNESS LISTS**

    A.    <u>Plaintiff's Potential Witnesses</u>

        1.    Donald Scollins

        2.    Joseph "Jeff" Creed

        3.    G. Dan Underwood

        4.    John Williams

        5.    Carol Caliendo

        6.    Custodian of Records, *The Wall Street Journal*

        7.    Greg Goodwin

        8.    Janet Vye

        9.    John Jardin

    B.    <u>Defendant's Potential Witnesses</u>

        1.    John Williams, Jr.

5

2. Edward Johnson

3. Joseph Creed

4. Carol Caliendo

5. Robert Herlihy

6. Dan Underwood

7. Steve Morton

8. Thomas Linn

9. Tim Prero

10. Becky Dirk

11. James Fitzsimmons

| Plaintiff Donald Scollins | Sentient, f/k/a eBizJets |
|---|---|
| /s/ John D. Parker<br>John D. Parker, II, *Pro Hac Vice*<br>PARKER LAW FIRM, P.L.C.<br>141 E. Palm Lane, Suite 111<br>Phoenix, AZ  85082-3098<br><br>Edward C. Cooley, BBO #550117<br>GIARRUSSO, NORTON, COOLEY, ET. AL.<br>308 Victory Road<br>Quincy, MA. 02171 | /s/ C. Max Perlman<br>C. Max Perlman, BBO # 630395<br>Andrea C. Kramer, BBO # 632584<br>SULLIVAN WEINSTEIN & MCQUAY<br>Two Park Plaza<br>Boston, MA 02116<br>(617) 348-4300 |