UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONALD SCOLLINS, individually and on behalf of BOTTOM LINE ADVERTISING,<br><br>    Plaintiff,<br><br>vs.<br><br>SENTIENT, f/k/a eBizJets,<br><br>    Defendant. | Civil Action No. 03-12478-EFH |

**MOTION TO STRIKE AND/OR EXCLUDE CERTAIN
DEPOSITIONS DESIGNATED FOR TRIAL BY PLAINTIFF**

Defendant Sentient Jets, Inc. ("Sentient") submits this motion to strike and/or exclude certain depositions that Plaintiff Donald Scollins has designated to be read into the record at trial on the grounds that the testimony is not admissible. Specifically, Plaintiff seeks to have deposition testimony of live witnesses or witnesses who are subject to subpoena for trial read into the record, but such use of a deposition at trial is not authorized or permitted by the rules. Sentient further objects, in a wholesale manner, to designations where Plaintiff has failed to designate questions but not answers. Such testimony is not admissible. Therefore, Sentient requests that the Court strike or exclude the following deposition testimony:

**A.   Designations from Deposition of Donald Scollins**

Plaintiff proposed certain designations from his own deposition. Sentient objects to these designations in total because there is no authority for a party to enter its own deposition into evidence at trial.

Use of depositions at trial is governed by Rule 32 of the Federal Rules of Civil Procedures, which provides, in relevant part:

>    (a) Use of Depositions. At the trial …, any part or all of a deposition, so far as admissible under the rules of evidence applied as though the witness were then present and testifying, may be used against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof, in accordance with any of the following provisions:
>
>    (1) Any deposition may be used by any party for the purpose of contradicting or impeaching the testimony of deponent as a witness, or for any other purpose permitted by the Federal Rules of Evidence.
>
>    (2) The deposition of a party … may be used **by an adverse party** for any purpose.
>
>    (3) The deposition of a witness, whether or not a party, may be used by any party for any purpose **if the court finds**:
>       (A) that the witness is dead; or
>       (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
>       (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or
>       (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or
>       (E) upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.

(Emphases added.)

Subparagraph (a) is plainly not applicable because Plaintiff is not offering his own deposition for impeachment. Subparagraph (b) is likewise inapplicable because it pertains only to use of a deposition by the <u>adverse party</u>. And no subpart of subparagraph (c) is applicable – Plaintiff will be appearing at trial.

Therefore, Plaintiff should not be able to use any of this deposition at trial.

If, however, Plaintiff does use this deposition at trial, Sentient objects to the introduction of any portion of the transcript where the Plaintiff has designated only an answer and has failed to designate the question. For the deposition designations listed below, Plaintiff failed to

designate the question and instead designated just the answer (or the answer and subsequent questions and answers). Sentient objects that these designations are incomplete and requests that they not be permitted in their entirety. Rule 32 clearly states that deposition testimony can be used at trial only "so far as admissible under the rules of evidence applied as though the witness were then present and testifying." If Mr. Scollins were testifying at trial, he would not be permitted simply to offer information without a question. Plaintiff should, therefore, not be permitted to use the following deposition designations:

| |
|---|
| Pg. 27, Ln. 9-11 |
| Pg. 30, Ln. 11-24, Pg. 31, Ln. 1-5 |
| Pg. 291, Ln. 16-21 |
| Pg. 317, Ln. 8-13 |

**B.     Deposition of Joseph Creed**

Plaintiff has designated certain parts of the testimony of Joseph (Jeff) Creed for use at trial. Plaintiff has also identified Mr. Creed as a live witness. Sentient objects to Plaintiff's use of Mr. Creed's deposition at trial in its entirety, except for impeachment purposes, if Mr. Creed testifies at trial.

Even if Mr. Creed does not testify at trial, Sentient objects to the introduction of any portion of the transcript where the Plaintiff has designated only an answer and has failed to designate the question. As it did with the designations from his own deposition, in a number of places Plaintiff failed to designate the question and instead designated just the answer (or the answer and subsequent questions and answers). Sentient objects that these designations are incomplete and requests that they not be permitted in their entirety. Rule 32 clearly states that deposition testimony can be used at trial only "so far as admissible under the rules of evidence applied as though the witness were then present and testifying." If Mr. Creed were testifying at

3

trial, he would not be permitted simply to offer information without a question; therefore, he should not be permitted to do so.  Accordingly, Sentient requests that the following designations from Mr. Creed's deposition not be permitted:

| Pg. 17,  Ln. 2-12 |
| Pg. 18, Ln. 21-23 |
| Pg. 19, Ln. 15-20 |
| Pg. 20, Ln. 5-8 |

**C.     Deposition of John Williams**

To the best of Sentient's knowledge, John Williams is subject to subpoena in Massachusetts and available to testify at trial; therefore, there is no authority for Plaintiff to use his deposition in lieu of live testimony at trial.

**D.     Deposition of Carol Caliendo**

To the best of Sentient's knowledge, Carol Caliendo is subject to subpoena in Massachusetts and available to testify at trial; therefore, there is no authority for Plaintiff to use her deposition in lieu of live testimony at trial.

If, however, Plaintiff does use this deposition at trial, Sentient objects to the introduction of any portion of the transcript where the Plaintiff has designated only an answer and has failed to designate the question.  Specifically, for the deposition designations listed below, Plaintiff again failed to designate the question and instead designated just the answer (and sometimes not even the full answer).  Sentient objects that these designations are incomplete and requests that they not be permitted in their entirety for the reasons explained above.  Plaintiff should, therefore, not be permitted to use the following deposition designations:

4

| |
|---|
| Pg. 14, Ln. 7-13, 21-24 |
| Pg. 15, Ln. 8-22 |
| Pg. 17, Ln. 23-24 |
| Pg. 20, Ln. 3-7 |
| Pg. 24, Ln. 11, 13-17, 19-24 |
| Pg. 25, Ln. 2, 19-21 |
| Pg. 26, Ln. 2-7, 14 |
| Pg. 28, Ln. 1-18, 22-24 |
| Pg. 29, Ln. 17-21, 24, |
| Pg. 30, Ln. 1-4, 9-12, 14-19 |
| Pg. 31, Ln. 17-18, 20-24 |
| Pg. 32, Ln. 4-7, 17-18, 21-24 |
| Pg. 33, Ln. 5-12 |
| Pg. 38, Ln. 23 |
| Pg. 39, Ln. 5-6, 21-24 |
| Pg. 41, Ln. 21-22 |
| Pg. 42, Ln. 6-7, 9-12 |
| Pg. 44, Ln. 10 |

**E.    Deposition of Edward Johnson**

At present, Sentient plans to call Mr. Johnson as a live witness at trial. There is no authority for Plaintiff to use his deposition in lieu of live testimony at trial. As such, the Court should not permit any of Mr. Johnson's deposition to be read into evidence at trial.

Also, as he did with some of the previous designations, Plaintiff designated only an answer and failed to designate the question for the each portion of the deposition of Mr. Johnson that Plaintiff designated to be read at trial. Sentient, therefore, objects to the introduction of any portion of Mr. Johnson's testimony on the ground that these designations are incomplete and would not be admissible as testimony at trial if presented live. In short, Sentient requests that the following deposition designations not be permitted in their entirety for the reasons explained above:

| Designation |
|---|
| Pg. 11, Ln. 21-22, 24 |
| Pg. 12, Ln. 8 |

5

| Designation |
|---|
| Pg. 15, Ln. 4, 10 |
| Pg. 16, Ln. 3, 7-12, 17-23 |
| Pg. 21, Ln. 18-23 |
| Pg. 22 Ln. 1-2 |
| Pg. 23 Ln. 3-4, 20-21 |

**F.     Deposition of Dan Underwood**

Sentient objects to Plaintiff's use of Dan Underwood's deposition at trial insofar as Plaintiff failed to designate with any clarity or particularity which specific portions of the deposition he intends to use.  Rather, Plaintiff essentially listed entire pages of testimony, many of which begin and/or end in the middle of a sentence or a question, without indicating which portions on those pages Plaintiff actually intends to use.  Sentient should not be made to guess what Plaintiff's intention is.

                                                Sentient, f/k/a eBizJets

                                                /s/ C. Max Perlman
                                                C. Max Perlman, BBO # 630395
                                                Andrea C. Kramer, BBO # 632584
                                                SULLIVAN WEINSTEIN & MCQUAY
                                                Two Park Plaza
                                                Boston, MA 02116
                                                 (617) 348-4300

April 10, 2006